583 So.2d 1 (1991)
Javis H. WHEAT
v.
STATE FARM FIRE AND CASUALTY COMPANY.
No. 89 CA 1329.
Court of Appeal of Louisiana, First Circuit.
March 15, 1991.
Writs Denied April 26, 1991.
Steven R. Giglio, Baton Rouge, for Javis H. Wheat.
*2 David Vaughn Baton Rouge, for State Farm Fire and Cas. Co.
Before LOTTINGER, EDWARDS, WATKINS, LeBLANC and GONZALES, JJ.
WATKINS, Judge.
This personal injury action reaches us on appeal and answer to appeal following a grant of judgment notwithstanding the verdict (JNOV) and an award to the plaintiff of $49,975.26 reduced by fifty percent for the plaintiff's negligence.
On June 26, 1985, the plaintiff, Mrs. Javis H. Wheat, had an accident while descending pre-cast concrete steps at the front of her brother's home. The accident resulted in a rotational-type fracture of the tibia. The plaintiff filed a direct action against her brother's insurer, State Farm Fire and Casualty Company (State Farm).
The matter went to trial, and the jury by a nine to three vote found that the steps were defective. However, the jury found by a ten to two vote that the steps did not cause the accident. On motion of the plaintiff, the trial court granted JNOV. In written reasons for judgment the trial judge concluded that "no reasonable jury could have decided that the defendant was in possession of defective steps which said defect did not cause plaintiff's injuries." The court also found that plaintiff's "momentary inattentiveness" contributed to her injuries and made a 50-50 assessment of fault. The damage award included $30,000.00 in general damages and $19,975.26 in stipulated medical expenses. The defendant appealed the judgment in plaintiff's favor, assigning as error the trial court's granting of the JNOV. The plaintiff answered the appeal, seeking an increase in the award and a reduction in the degree of fault assessed to her.
In considering a motion for JNOV, the trial court should review all the evidence and all inferences to be drawn from the evidence in a light most favorable to the party opposing the motion. Unless the facts and inferences point strongly and overwhelmingly in favor of one party, JNOV is improper. But if the court concludes that reasonable persons could have arrived only at a verdict contrary to that of the jury, the court should grant the motion. Bickham v. Goings, 460 So.2d 646 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1246 (La.1985). The court must not weigh evidence, pass on credibility of the witnesses, or substitute its own judgment for that of the jury. Rougeau v. Commercial Union Ins. Co., 432 So.2d 1162 (La.App. 3d Cir.), writ denied, 437 So.2d 1149 (La.1983). Thus, the sole question before us is: could reasonable persons conclude that the steps, which were found to be defective, did not cause the plaintiff's injury?
Before we reach the subject of causation, we will review the jury's initial finding that the steps were defective. A defect for which an owner may be liable is a condition which poses an unreasonable risk of harm. See Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990). Mrs. Wheat called as a witness Mr. Clayton Smith, an architect, who testified that the steps were deformed because they were extremely bullnosed, not level, slick, and wobbly. Mr. Smith concluded that the steps were inherently dangerous and presented an unreasonable risk of injury.[1] Defendant did not present any evidence to contradict the plaintiff's evidence of defect. Because there was sufficient unrefuted evidence of defect to cause reasonable minds to differ on the lack of defect, it was reasonable for the jury to decide that the steps were defective. Only where reasonable minds cannot differ can we say that the jury's decision is manifestly erroneous. Sistler v. Liberty Mutual Ins. Co., supra.
On appeal the defendant does not seriously question the existence of the defect. Instead, focusing on the jury's negative answer to the interrogatory concerning causation, the defendant argues that it proved other causes of the accident.
*3 Keeping in mind the core principle that cause in fact is not limited to one cause (Carlin v. Blanchard, 537 So.2d 303 (La. App. 1st Cir.1988)), we review the evidence in the record from the defendant's perspective. State Farm argues that reasonable men could have concluded that the steps, although defective, were not a cause of plaintiff's injury because:
1. Plaintiff's equilibrium problem was the sole cause of the accident.
2. Plaintiff's inattentiveness at the time of the accident was the sole cause of the accident.
3. Plaintiff's sandals contributed to the accident.
4. Plaintiff's familiarity with the defective steps over a 14-year period negated a conclusion that the defect in the steps caused the accident.
Even if we accept for a fact that plaintiff's equilibrium problem, her inattentiveness and her sandals were causes of her accident, and even if we add to that fact the conclusion that plaintiff's familiarity with the defective steps diminished the risk of harm, nevertheless, we have not excluded the defective steps as a contributing cause of the accident. See Hastings v. Baton Rouge General Hospital, 498 So.2d 713 (La.1986), for the proposition that a minimal degree of fault will support a finding of causation. See also Turner v. Safeco Ins. Co. of America, 472 So.2d 43 (La. App. 1st Cir.1985), for the proposition that familiarity with a stairway, although a factor in comparing fault, does not bar a defect in the stairs from being a cause of the accident.
We conclude that the causes listed by the defendant herein were not the sole causes of the accident; the defect was another cause. Our conclusion is consistent with the long-recognized principle that the mere possibility that the accident might have happened without the defect is insufficient to break the cause-and-effect chain linking the defect and the injury. Reynolds v. Texas & Pacific Ry. Co., 37 La.Ann. 694 (1885), cited in Turner v. Safeco Ins. Co. of America, supra.
We do not agree with the defendant that the jury's negative conclusion concerning causation was correct. The steps were clearly defective according to the testimony of the architect, and Mrs. Wheat's accident occurred on the steps. The accident was a natural consequence of the poor condition of the steps. See Turner v. Safeco Ins. Co. of America, supra. The defendant failed to prove that another cause was the sole cause of the accident. Whether the jury's answer stemmed from confusion about sole or concurring causes or from erroneous judgment, no reasonable jury could have excluded the defective steps as a cause of this injury.
Accordingly, we affirm the trial court's grant of JNOV.
It is now well established that contributory negligence is a defense in a strict liability case. See Turner v. Safeco Ins. Co. of America, supra, and cases cited therein. Contributory negligence triggers the comparative negligence provisions of LSA-C.C. art. 2323, requiring an apportionment of the degree of negligence, if any, attributable to the plaintiff. "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection.... The standard of conduct to which the plaintiff must conform for his own protection is that of a reasonable man under the circumstances." Smolinski v. Taulli, 276 So.2d 286, 290 (La.1973), quoted in Dorry v. Lafleur, 399 So.2d 559 (La. 1981), a strict liability case.
In the instant case the jury did not reach the issue of plaintiff's fault. The trial court decided the factual issue after granting the JNOV which we have affirmed. Absent manifest error on the part of the trial court (Arceneaux v. Domingue, 365 So.2d 1330 (La.1978)), we cannot disturb the trial court's finding that the two parties were equally at fault. Throughout the trial the defendant emphasized the plaintiff's medical problem, which allegedly affected her equilibrium at the time of the accident. But having failed to establish by a preponderance of the evidence that the plaintiff's medical condition was the sole *4 cause of the accident, the defendant then must take the victim as he finds her. The fact that Mrs. Wheat's medical condition may have predisposed her to an accident of this sort is irrelevant. See Miller v. Great Atlantic & Pacific Tea Co., 510 So.2d 695 (La.App. 1st Cir.), writ denied, 513 So.2d 1213 (La.1987). Furthermore, within the meaning of LSA-C.C. art. 2323, a medical condition is neither contributory negligence nor fault which will reduce the award to the plaintiff. See Acosta v. Pendleton Memorial Methodist Hospital, 545 So.2d 1053 (La.App. 4th Cir.), writs denied, 551 So.2d 637 and 551 So.2d 638 (La.1989). The reason is that medical causation, such as the plaintiff's predisposition to accident, does not qualify as "conduct" on the part of the plaintiff which can be considered under the principle of comparative causation.
Under this principle, the factfinder compares the causal effect of the plaintiff's conduct with that of the defendant's nonnegligent fault. This comparison is supported by this court's citation in Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985), to the Uniform Comparative Fault Act, Section 2(b), which provides:
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.
Thus, the extent to which each party contributed to the damages should be the measure by which the loss is apportioned.
Howard v. Allstate Ins. Co., 520 So.2d 715, 719 (La.1988).
Nevertheless, our review of the record does not reveal that the trial judge was clearly wrong in assessing the plaintiff Mrs. Wheat with fifty percent fault. The trial court mentioned her inattentiveness. Certainly the degree of attentiveness required of her for her own safety should be colored by her knowledge of her own physical limitations, if any, along with her knowledge of the condition of the steps and her own choice of footwear. The trial judge was in a position to weigh these factors against the magnitude of the defective condition of the steps. We will not disturb his finding.
Finally, we consider the amount the trial court awarded for general damages after granting the plaintiff's motion for JNOV. Normally, when a trial court grants a JNOV on the issue of damages, the appeals court should not disturb the quantum absent an abuse of discretion. Roger v. Cancienne, 538 So.2d 670 (La. App. 4th Cir.), writ denied, 542 So.2d 1382 (La.1989). However, in the instant case, the trial court committed an error of law which simply makes the trial court's determination of damages not entitled to the presumption of regularity normally afforded the trial court's exercise of discretion. See McLean v. Hunter, 495 So.2d 1298 (La.1986). In reasons for judgment the trial judge stated that $30,000.00 was the "lowest reasonable amount" for a general damage award. Thus, the trial judge used an incorrect gauge for determining damages. The trial court should have looked to the facts and circumstances of this case and made an award which he determined appropriate. Reck v. Stevens, 373 So.2d 498 (La.1979). Instead, it appears that the trial judge confused his role in determining damages with the jurisprudential restraints upon us at the appellate level in raising an award; specifically, we can raise an award only to the lowest amount which would have been within the factfinder's discretion. See Rickerson v. Fireman's Fund Ins. Co., 543 So.2d 519 (La.App. 1st Cir. 1989).
Thus, we must examine the record and make an independent determination of what an appropriate amount will be. "Where a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law forecloses any finding of fact, and where the record is otherwise complete, the appellate court should, if it can, render judgment on the record." Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707, 708 (La.1980). We agree with the trial court that the plaintiff's injury was an "extremely *5 painful fracture" and that there is a "long-term disability which must be endured by the plaintiff." Specifically, Mrs. Wheat has a ten percent loss of motion in her ankle and a five percent permanent disability to the lower leg. She sustained nine months of lost wages. Accordingly, we determine that the sum of $60,000.00 would be appropriate to recompense the plaintiff for her damages. Accordingly, we amend the trial court judgment to award the sum of $79,975.26 to be reduced by fifty percent for the plaintiff's negligence.
Defendant State Farm is to pay costs of appeal.
AMENDED IN PART, AND AFFIRMED AS AMENDED.
LeBLANC, J., dissents respectfully. I am convinced that the trial Judge erred in granting the JNOV. The jury verdict was not manifestly wrong and I would affirm it.
GONZALES, J., I dissent for the same reason set out above by LeBLANC, J.
NOTES
[1] A precise showing of the manner in which the defective step caused the accident is unnecessary. Turner v. Safeco Ins. Co. of America, 472 So.2d 43 (La.App. 1st Cir.1985).