780 So.2d 1099 (2001)
Cora SANDIFER
v.
Jonathan K. WISE, M.D. and Maynard E. Garrett, M.D.
Cora Sandifer and Edmond Sandifer
v.
Jonathan K. Wise, M.D. and Maynard E. Garrett, M.D.
Nos. 2000-CA-0293, 2000-CA-0294.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 2001.
*1100 Jason E. Cantrell, Harry E. Cantrell, Jr., The Cantrell Law Firm, New Orleans, LA, Counsel for Plaintiff/Appellant.
Jacqueline Hunt Andry, Mang, Batiza, Gaudin, Godofsky & Penzato, Metairie, LA, Counsel for Defendant/Appellee.
Court composed of Judge PLOTKIN, Judge WALTZER and Judge McKAY.
WALTZER, Judge.

STATEMENT OF THE CASE
In 1993, plaintiff, Cora Sandifer, filed a medical malpractice action against her surgeon, Maynard E. Garrett, M.D., and his consulting internist and endocrinologist, Jonathan K. Wise, M.D. The doctors filed an exception of prematurity pursuant to which the matter was dismissed without prejudice on 17 October 1995 and the claim referred to a Medical Review Panel in accordance with La.R.S. 40:1299.47(B)(1)(a). On 10 July 1996, the doctors filed exceptions of prescription which was denied by judgment of 18 October 1996.
On 7 April 1999 the parties' joint motion to consolidate the malpractice action, 93-11700, with a similarly-titled discovery action bearing number 97-13232 was granted.
The doctors moved for summary judgment on 28 October 1999. Plaintiff filed no affidavit or other verified statement in opposition to the motion, relying on argument in brief that plaintiffs treating physician had diagnosed her as suffering from surgically induced Parkinson's disease. The trial court granted the motion by judgment of 20 December 1999. Plaintiff *1101 appeals from that judgment, contending in brief that this Court has jurisdiction under La. Const. Art. 5, § 10(A)(3). However, the petition contains no allegations of criminal conduct on the part of the defendants and this is clearly a civil case for which this Court has jurisdiction under La. Const. Art. 5, § 10(A)(1). Having found no error in the trial court's judgment, we affirm.

STATEMENT OF FACTS
In support of their motion for summary judgment, the defendant doctors submitted affidavits from three physicians and plaintiff's answers to interrogatories. The affidavits of Herbert Marks, M.D., George Walker, M.D. and Dennis Occhipinti, M.D. establish that each is a licensed eye, nose and throat surgeon currently practicing in the New Orleans area. Each swore to have performed parathyroidectomy and to be familiar with the indications for and performance of the surgery and postoperative patient care. The doctors individually swore that given their personal knowledge of the standard of care applicable to treatment of a patient considered for undergoing and recovering from a parathyroidectomy, and based also upon their individual review of the plaintiffs medical records, neither of the defendant doctors breached the standard of care in their treatment of the plaintiff.
The record does not contain any verified statement tending to put at issue any fact set forth in the affidavits of Doctors Marks, Walker and Occhipinti. When asked by interrogatory to identify any witness who would testify to a causal connection between the surgery and related treatment by defendants and plaintiffs alleged damages, plaintiff offered the name of Wanda Timpton, M.D. When asked to identify witnesses who would testify that defendants' care was below the standard of the medical community and were negligent or that plaintiff should sue the defendants, plaintiff replied, "None."
Dr. Timpton's deposition was offered as Exhibit C to the defendants' motion for summary judgment. Dr. Timpton testified that she had not been asked to render an opinion as to whether defendants breached the standard of care applicable to their respective specialties, that she had not provided such an opinion and, in fact, had no opinion on the issue framed in the experts' affidavits. She testified that she did not intend to provide any opinion as to defendants' standard of care in the future. She agreed that as a family practitioner she was not as qualified to make a diagnosis of Parkinson's Disease as Dr. Daniel Trahant, a board certified neurologist would be. Dr. Trahant testified in deposition that he had never heard of surgically induced Parkinsonism from a parathyroidectomy and would think that it does not exist.

STANDARD OF REVIEW
Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226, 230.
Article 967 of the Louisiana Code of Civil Procedure does not preclude from consideration expert opinion testimony in the form of an affidavit or deposition submitted in support of or opposition to a motion for summary judgment. Assuming no credibility determination is at issue, the trial judge must consider this evidence if he or she determines that such evidence would be admissible at trial. If qualifying evidence is submitted in opposition to a motion for summary judgment which creates a dispute as to a genuine issue of material fact, the motion for summary judgment should be denied. Independent Fire Ins. Co. v. Sunbeam Corp., supra, 755 So.2d at 237.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A.(2). A summary *1102 judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
ASSIGNMENT OF ERROR: The trial court erred in ruling that the diagnosis and finding of Dr. Timpton's examination of plaintiff did not establish a genuine issue of material fact.
In this medical malpractice action based on physician negligence, plaintiff has the burden of proving the following:
1. The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians licensed to practice in Louisiana and actively practicing in a similar community and under similar circumstances; where defendants practice in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians within that specialty;
2. That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill;
3. That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care plaintiff suffered injuries that would not otherwise have been incurred. La. R.S. 9:2794.
Clearly, there may be cases in which plaintiff need not offer expert testimony to sustain this burden of proof. Expert testimony is not required where the physician does an obviously careless act, such as fracturing a limb during examination, failure to attend a patient when the circumstances demonstrate serious consequences of such a failure, failure of an on call physician to respond to an emergency when he knows or should know his presence is necessary, dropping a knife, scalpel or acid on a patient, leaving a sponge in the surgery patient's body or amputating the wrong limb. Pfiffner v. Correa, 94-0924, 94-0963 and 94-0992 p. 8-9 (La.10/17/94), 643 So.2d 1228, 1233-34.
The instant case is not such a case of obvious negligence that may be inferred from the objective evidence by lay jurors. However, a plaintiff may also establish standard of care and breach thereof through the testimony of a defendant physician or defendant's expert witness. Id.
This does not end our inquiry. Even if the case is one in which plaintiff need not supply expert testimony as to standard of care and its breach, the plaintiff must also demonstrate by a preponderance of the evidence a causal nexus between the defendant's fault and the injury alleged. Pfiffner v. Correa, supra p. 10, 643 So.2d at 1234. It is at this point that the plaintiff in the instant case fails to *1103 sustain her burden. She has admitted in her response to defendants' interrogatories that Dr. Timpton is her only witness and she will not relate plaintiffs injuries to defendants' ministrations. This is confirmed by Dr. Timpton's deposition testimony. It is clear at this point in the litigation, over eight years after plaintiffs surgery and over seven years since her petition was filed, plaintiff will be unable to prove causation, a necessary element of her case.
Plaintiff has not provided a verified statement from Dr. Timpton, her only identified causation witness, tending to support the conclusion stated in Dr. Timpton's unverified treatment notes that plaintiff suffered from surgically induced Parkinson's disease. There is no verified evidence that the surgery referred to in the notes is the surgery performed by the defendant doctors or that they breached a standard of medical care. Dr. Timpton herself testified under oath at her deposition that she had not and would not offer an opinion relating defendants' treatment to the plaintiffs alleged injuries.
Plaintiff suggests that we reverse the trial court's summary judgment based on a Per Curium opinion of the Second Circuit Court of Appeal on rehearing, wherein that court held that a physician-mover for summary judgment has the burden of establishing what the standard of care is that he says his conduct did not breach. Pratt v. Williams, 26, 903 and 26,905 (La.App. 2 Cir. 5/10/95), 658 So.2d 4, 5. It appears from the brief Per Curiam that the physician defendants in that case apparently relied on their own affidavits, not on independent doctors or plaintiffs' treating physician. The defendant physicians in the instant case provided sworn testimony of three independent doctors, of their own expert specialist and of the plaintiffs own treating physician to support their motion for summary judgment. Once the issue of plaintiffs inability to show negligence or causation was placed before the trial court on defendants' motion, the burden shifted to plaintiff to provide countervailing evidence. This she failed to do. We do not agree with the plaintiffs reading of Williams as requiring the defendants in the instant case to provide, in addition to the material submitted in support of their motion for summary judgment, a statement of the standard of care that plaintiff contends was breached. We find no support for this contention in the jurisprudence of this circuit and do not find plaintiff's argument to be persuasive.

CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.