# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-547

**FREDDIE MAE YOUNG, ET AL.**

**VERSUS**

**HARRY J. MOBLEY, M.D., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 75759
HONORABLE PEYTON CUNNINGHAM, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Michael G. Sullivan, and J. David Painter, Judges.

**AFFIRMED; MOTIONS TO DISMISS APPEAL DENIED.**

Jo Ann Nixon
129 West Pershing St.
New Iberia, LA 70650
Counsel for Plaintiffs-Appellants:
    Freddie Mae Young and Johnny Ray Young

Lawrence W. Pettiette
P.O. Box 1786
Shreveport, LA 71166-1786
Counsel for Defendant-Appellee:
    Harry J. Mobley, M.D.

Rene J. Pfefferle
P.O. Drawer 2995
Baton Rouge, LA 70821-2995
Counsel for Defendant-Appellee:
    Natchitoches Parish Hospital

**PAINTER, Judge.**

Plaintiffs, Freddie Mae Young and Johnny Ray Young, filed a malpractice suit against Dr. Harry J. Mobley and Natchitoches Parish Hospital relative to complications suffered by Mrs. Young following a total abdominal hysterectomy performed by Dr. Mobley at Natchitoches Parish Hospital. Plaintiffs now appeal the trial court's grant of summary judgments in favor of both Dr. Mobley and Natchitoches Parish Hospital. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about April 27, 1998, Mrs. Young was admitted to Natchitoches Parish Hospital under the care of Dr. Mobley. On April 28, 1998, Dr. Mobley performed a total abdominal hysterectomy, bilateral salpingoophorectomy, and Birch retropubic bladder suspension with lysis of adhesions. Mrs. Young experienced post-operative complications including elevated temperature, abdominal distension, and decreased bowel sounds. On May 9, 1998, Mrs. Young was transferred to Schumpert Hospital where she was diagnosed as having a small bowel obstruction with fistula formation and a large abscess in the anterior abdominal wall.

On February 10, 2003, a medical review panel rendered an opinion that neither Dr. Mobley nor Natchitoches Parish Hospital breached the appropriate standard of care with respect to surgical technique and the subsequent management of the postoperative complications. Specifically, with respect to Dr. Mobley, the panel found that the initial surgery was medically indicated and that informed consent (which indicated that a bowel injury was a recognized complication of the surgery) was obtained. With respect to Natchitoches Parish Hospital, the panel found that the attentive care rendered by the nurses and other staff was appropriate.

1

Following the panel opinion, Plaintiffs filed this suit on May 13, 2003. On April 23, 2004, Dr. Mobley filed a motion for summary judgment. In support of his motion, Dr. Mobley introduced the medical review panel opinion and his own affidavit. On June 4, 2004, Natchitoches Parish Hospital filed a motion for summary judgment and introduced the medical review panel opinion in support thereof. Plaintiffs offered nothing in opposition to either motion.

Dr. Mobley's motion was set for hearing on June 7, 2004; however, on motion of Plaintiffs, said hearing was continued to July 1, 2004. On June 7, 2004, the clerk of the Tenth Judicial District Court sent notice to Plaintiffs, through their attorney of record, that the hearing on Natchitoches Parish Hospital's motion for summary judgment was set for July 1, 2004, the same day as the hearing on Dr. Mobley's motion.[1] On the day of the hearing, Plaintiffs filed a memorandum in opposition to Dr. Mobley's motion, but introduced no evidence or testimony. Counsel for Natchitoches Parish Hospital was not present at the hearing, but submitted the matter on briefs. Following the hearing, the trial court took the matter under advisement. On July 30, 2004, the trial court signed a judgment granting Dr. Mobley's motion and dismissing Plaintiffs' claims against him at Plaintiffs' cost. On August 26, 2004, the trial court signed a judgment granting Natchitoches Parish Hospital's motion and dismissing Plaintiffs' claims against it at Plaintiffs' cost. Plaintiffs now appeal, and both Dr. Mobley and Natchitoches Parish Hospital ask that the appeal be dismissed for Plaintiffs' failure to timely pay the estimated costs of appeal to the trial court.

---

[1]We note that, in brief, Plaintiffs suggest that there was no hearing set for Dr. Mobley's motion. Upon review of the record, we find that this assertion is incorrect. The record contains an order setting Dr. Mobley's motion for hearing on June 4, 2004. This order was signed by the trial judge on April 27, 2004. On June 3, 2004, the trial judge signed an order setting Natchitoches Parish Hospital's motion for hearing on July 1, 2004. On June 4, 2004, Plaintiffs filed a motion to continue the June 4, 2004 hearing. The motion to continue included an order refixing the hearing specifically for July 1, 2004, the same day as the hearing on the motion of Natchitoches Parish Hospital. The order granting the continuance and refixing the matter for July 1, 2004, was signed by the trial judge on June 7, 2004.

DISCUSSION

*Motion to Dismiss Appeal*

Dr. Mobley and Natchitoches Parish Hospital have both filed motions, in this court, seeking to dismiss Plaintiffs' appeal for failure to timely pay the estimated costs of appeal at the trial court. The motions allege that an estimate for the total costs of appeal was received by Plaintiffs' counsel on October 26, 2004, but that, as of February 24, 2005, the estimated costs of appeal had not been received by the Clerk of Court for the Tenth Judicial District. The motions further allege that Plaintiffs never filed a request for an extension and that the trial court notified all counsel that the appeal was considered abandoned. The motions do indicate, however, that Plaintiffs ultimately paid the costs of appeal on March 9, 2005.

Louisiana Code of Civil Procedure Article 2126 provides, in pertinent part, as follows:

> E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
>
> (1) Enter a formal order of dismissal on the grounds of abandonment; or
>
> (2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

According to La.Code Civ.P. art. 2088, the trial court retains jurisdiction to "impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal." This court has previously recognized that "a motion to dismiss an appeal for failure to pay timely the estimated costs for the preparation of the record must be brought before the trial court." *Ware v. Duplechain*, 583 So.2d

3

162 (La.App. 3 Cir. 1991). Accordingly, both motions to dismiss this appeal are denied.

Furthermore, we note the untimely nature of the motions to dismiss. Louisiana Code of Civil Procedure Article 2161 provides, in pertinent part:

> [A] motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.

The record of this appeal was lodged in this court on April 29, 2005. Dr. Mobley's motion to dismiss was received and filed by this court on June 24, 2005. The motion to dismiss on behalf of Natchitoches Parish Hospital was received and filed by this court on June 17, 2004. As such, pursuant to La.Code Civ.P. art. 2161, we additionally deny both motions as untimely.

*Summary Judgments*

"It is well settled that appellate courts review summary judgments *de novo*, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate." *Butler v. DePuy*, 04-101, p. 3 (La. App. 3 Cir. 6/9/04), 876 So.2d 259, 261 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730). Thus, it is for us to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). In *Butler*, we explained:

> The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but rather he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id.*

Louisiana Revised Statute 9:2794 provides the applicable burden of proof for a plaintiff in a medical malpractice case. That article provides that a plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. Generally, expert testimony is required to establish the applicable standard of care and whether or not that standard of care was breached. *Butler*, 876 So.2d 259 (citing *Davis v. Atchison*, 37,832 (La.App. 2 Cir. 10/29/03), 859 So.2d 931). There is an exception to this general rule for cases where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Thomas v. Southwest La. Hosp. Ass'n.*, 02-0645 (La.App. 3 Cir. 12/11/02), 833 So.2d 548, *writ denied*, 03-0476 (La. 4/25/03), 842 So.2d 401 (citing *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228). We do not find that this is such a case because, as in *Butler*, the procedure at issue was an invasive one performed by a medical specialist. Accordingly, we find that Plaintiffs would be required to produce expert testimony to establish the applicable standard of care and a breach thereof. We note that it has been recognized that a plaintiff can establish these things through the testimony of the defendant's expert witness. *Thomas*, 833 So.2d 548 (citing *Sandifer v. Wise*, 00-293, 00-294 (La.App. 4 Cir. 2/7/01), 780 So.2d 1099). However, in the present case, this option is not available to Plaintiffs because the expert testimony, in the form of the panel opinion[2] and affidavit of Dr. Mobley, submitted on behalf of Dr. Mobley and Natchitoches Parish Hospital, indicated that there was no breach of the applicable standards of care by either provider.

---

[2]The panel opinion is admissible as expert evidence on a motion for summary judgment. *Richoux v. Tulane Med. Ctr.*, 617 So.2d 13 (La.App. 4 Cir.1993).

Dr. Mobley and Natchitoches Parish Hospital met their initial burden of proof on their motions for summary judgment. The panel opinion showed that there is an absence of factual support for Plaintiffs' contention that there was a breach of the standard of care, which is an essential element of Plaintiffs' claim. The burden thus shifted to Plaintiffs to "sufficiently establish the *existence of proof* of an essential element of their claim on which they are to bear the burden of proving at trial." *Alex v. Dr. X*, 96-196, p. 4 (La.App. 3 Cir. 3/5/97), 692 So.2d 499, 502 (citing *Short v. Griffin*, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249, *writ denied* 96-3063 (La. 3/7/97), 689 So.2d 1372). As we have previously noted, Plaintiffs introduced no evidence or testimony in opposition to either motion for summary judgment. Instead, Plaintiffs were "resting on the mere allegations of [their] pleadings, which are not sufficient to defeat a motion for summary judgment or rebut the defendant's showing of the non-existence of any genuine issues of material fact. . . ." *Id.* at 508. Accordingly, we find that Plaintiffs failed to successfully rebut the movers' showing on summary judgment and that the trial court's grant of summary judgment in favor of both Dr. Mobley and Natchitoches Parish Hospital were appropriate for that reason.

We now turn to Plaintiffs' argument that summary judgments were inappropriate because of outstanding discovery. Plaintiffs admit that they have failed to answer outstanding discovery from Dr. Mobley. In sum, Plaintiffs contend that Defendants should have filed a motion to compel rather than a motion for summary judgment. We find this contention without merit. Louisiana Code of Civil Procedure Article 966(A)(1) provides that a defendant is able to move for summary judgment "at any time." There is no requirement that outstanding interrogatories be answered before a motion for summary judgment is made. To the contrary, "[t]here is no

6

absolute right to delay action on a motion for summary judgment until discovery is completed." *Simoneaux v. E.E. du Pont de Nemours and Co., Inc.*, 483 So.2d 908, 912 (La.1986). "The only requirement is that the parties be given a fair opportunity to present their claim." *Id*. at 913. Here, the motions for summary judgment were made nearly a year after suit was filed and six years after the incident in question. Although Plaintiffs were not compelled to answer outstanding discovery, they were certainly given an opportunity to present any expert testimony to support their claim, or any other evidence in their favor, in opposition to the motions for summary judgment. Therefore, we find no error in the trial court's ruling on the motions for summary judgment while there was outstanding discovery.

## DECREE

For the above and foregoing reasons, both the judgment signed on July 30, 2004, granting Dr. Mobley's motion for summary judgment and dismissing Plaintiffs' claims against him with prejudice and the judgment signed on August 26, 2004, granting Natchitoches Parish Hospital's motion for summary judgment dismissing Plaintiffs' claims against it with prejudice, are affirmed. Costs of this appeal are assessed to Plaintiffs-Appellants, Freddie Mae Young and Johnny Ray Young.

**AFFIRMED; MOTIONS TO DISMISS APPEAL DENIED.**