**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-757**

**PERCY JOSEPH CROCHET**

**VERSUS**

**LAM NGUYEN, M.D.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON DAVIS, NO. 621-08
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

J. Bryan Jones, II, Attorney at Law
P.O. Box 8841
Lake Charles, LA 70606
Counsel for Plaintiff-Appellant:
    Percy Joseph Crochet

Marc W. Judice, Attorney at Law
P.O. Drawer 51769
Lafayette, LA 70505-1769
Counsel for Defendant-Appellee:
    Lam Nguyen, M.D.

**PAINTER, Judge.**

Plaintiff, Percy Joseph Crochet, appeals the grant of summary judgment in favor of Defendant, Dr. Lam Nguyen, in this medical malpractice action. We agree with the trial court and affirm its grant of summary judgment dismissing Mr. Crochet's claims against Dr. Nguyen with prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

Dr. Nguyen was treating Mr. Crochet, who was in his seventies, for high blood pressure. Dr. Nguyen also prescribed Tagamet to Mr. Crochet for peptic ulcer disease. When Mr. Crochet's son was killed in 2005, Mr. Crochet became depressed, and Dr. Nguyen prescribed Effexor for treatment of the depression. Mr. Crochet claims that after he began taking the Effexor, he became agitated and anxious to the point that hospitalization was required. He was hospitalized from May 9, 2005 through June 4, 2005.

Mr. Crochet requested the formation of a medical review panel on April 18, 2006, alleging that Dr. Nguyen inappropriately prescribed Effexor. On April 18, 2008, the medical review panel rendered an opinion finding that the evidence did not support the conclusion that Dr. Nguyen failed to comply with the applicable standard of care as follows:

> Effexor is not contra-indicated for persons with controlled hypertension, elderly persons, or persons taking Tagamet, or for persons with any combination of these factors. The warnings being noted are of a cautionary nature only, and it appears that Dr. Nguyen was using caution with this patient, as evidenced by starting the patient on an appropriate low dosage with a slow titration upward. We would also note that in light of the patient's multiple co-morbid conditions, including atypical psychosis, severe hyponatremia, and pneumonitis, it is impossible to attribute his symptomology solely to the Effexor.

Following the adverse panel opinion, Mr. Crochet filed suit against Dr. Nguyen on July 18, 2008. Eight months later, after propounding written discovery to which Plaintiff provided no response concerning the retention of an expert or the rendering of any expert opinion, Dr. Nguyen filed a motion for summary judgment alleging that Mr. Crochet could not meet his burden of proof. Mr. Crochet submitted no expert opinion in opposition to the motion for summary judgment and instead asserted that

1

expert testimony was not required because the manufacturer's instructions concerning Effexor could serve as an authoritative source on the standard of care. The manufacturer's instructions were not introduced into evidence at the hearing. The trial court granted the motion for summary judgment and dismissed Mr. Crochet's claims against Dr. Nguyen with prejudice. For the following reasons, we affirm.

## DISCUSSION

This court recently recognized:

> We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180. Accordingly, we must determine, using the same criteria applied by the trial court, whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. However, in *Butler v. DePuy*, 04-101, p. 3 (La.App. 3 Cir. 6/9/04), 876 So.2d 259, 261 (citing *Smith v. Our Lady of the Lake Hosp.*, Inc., 93-2512 (La.7/5/94), 639 So.2d 730), we noted:
>
> > [I]f the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but rather he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. Id.
>
> Moreover, in *Young v. Mobley*, 05-547, p. 5 (La.App. 3 Cir. 3/1/06), 923 So.2d 917, 920-21, we explained:
>
> > Louisiana Revised Statute 9:2794 provides the applicable burden of proof for a plaintiff in a medical malpractice case. That article provides that a plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. Generally, expert testimony is required to establish the applicable standard of care and whether or not that standard of care was breached. *Butler*, 876 So.2d 259 (citing *Davis v. Atchison*, 37,832 (La.App. 2 Cir. 10/29/03), 859 So.2d 931). There is an exception to this general rule for cases where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Thomas v. Southwest La. Hosp. Ass'n.*, 02-0645 (La.App. 3 Cir. 12/11/02), 833 So.2d 548, writ denied, 03-0476 (La.4/25/03), 842 So.2d 401 (citing *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228).

2

*Simien v. Medical Protective Co.*, 08-1185, pp. 4-5 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, 1209-10, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117.

Dr. Nguyen contends that the manufacturer's instructions were not admissible as hearsay. The manufacturer's instructions were attached to an affidavit of Mr. Crochet which was submitted to the trial court as an attachment to the opposition to the motion for summary judgment which was filed into the record. Neither was introduced into the record by Mr. Crochet. However, Dr. Nguyen introduced the entire record of the proceedings into evidence at the hearing on the motion for summary judgment. Even so, we find that this is not a case where negligence is so obvious that expert testimony is unnecessary. The appropriateness of the prescribing of Effexor to this patient is a complex matter which requires expert testimony. Mr. Crochet's affidavit and the attached manufacturer's instructions do not constitute expert testimony. Mr. Crochet is required to present expert testimony to establish the elements of his case.

Dr. Nguyen met his initial burden of proof on the motion for summary judgment because the panel opinion clearly shows that there is an absence of factual support for an essential element of Mr. Crochet's claim, i.e., that there was a breach of the applicable standard of care in the prescribing of Effexor to Mr. Crochet. As such, the burden shifted to Mr. Crochet to "sufficiently establish the existence of proof of an essential element of his claim on which he is to bear the burden of proving at trial." *Alex v. Dr. X*, 96-1196, p. 4 (La.App. 3 Cir. 3/5/97), 692 So.2d 499, 502; La.Code Civ.P. art. 966(C). Mr. Crochet produced no expert testimony or any evidence whatsoever as to a breach in the standard of care in opposition to the motion for summary judgment. Since Mr. Crochet failed to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial, the trial court was correct in granting summary judgment in favor of Dr. Nguyen.

**DECREE**

The trial court's grant of summary judgment in favor of Defendant, Dr. Lam Nguyen, is affirmed. Costs of this appeal are assessed against Plaintiff-Appellant, Percy Joseph Crochet.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.