NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1226

JESSICA M. PARKER

VERSUS

UNIVERSITY MEDICAL CENTER,
ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. C-20054710, DIV. A
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

Jessica M. Parker, Pro Se
830 Belle Drive
Breaux Bridge, LA  70517
Plaintiff-Appellant:
        Jessica M. Parker, Pro Se

Katherine Wheeler, Assistant Attorney General
P. O. Box 94005
Baton Rouge, LA 70804-9095
Counsel for Defendant-Appellee:
        University Medical Center

**PAINTER, Judge.**

Plaintiff, Jessica M. Parker, filed a medical malpractice suit against University Medical Center relative to two gall bladder surgeries performed on November 27, 2002, and January 29, 2003. Parker now appeals the dismissal of her suit by the trial court's grant of summary judgment in favor of University Medical Center. For the following reasons, we affirm the trial court's grant of summary judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Parker was admitted to University Medical Center in Lafayette, Louisiana, on November 26, 2002, for removal of her gall bladder (cholecystectomy) and stones in her common bile duct. The surgery was performed on November 27, 2002, and Parker was discharged on December 3, 2002. On January 28, she returned for follow-up care and complained of flank pain radiating to the lower left quadrant and nausea and vomiting for four days. She further complained of a "foreign body" around the incision site. She was admitted to the hospital on January 29 and underwent a procedure to remove several small stones from her common bile duct. She was discharged the same day. She returned for follow-up care on February 4, 2003, and reported no complaints.

Parker requested the formation of a medical review panel, complaining that the surgery on November 27, 2002 was "botched" and that two metallic clips or "stay sutures" were left inside the common bile duct causing an obstruction. On June 7, 2005, the medical review panel returned an opinion in favor of University Medical Center. Specifically, the panel concluded that University Medical Center did not breach the applicable standard of care and that the patient received appropriate diagnostic, therapeutic, and surgical intervention. The panel also found that metal clips are routinely used during the course of gall bladder removals to control bleeding or bile leakage and that the clips in this case were placed on the appropriate structures.

Following the unfavorable panel decision, Parker filed this suit on September 2, 2005. University Medical Center filed a motion for summary judgment based on

1

the panel opinion and the fact that Parker did not have an expert witness through whose testimony the applicable standard of care and breach thereof could be proven. The matter was set for hearing on February 9, 2009. In opposition to the motion for summary judgment, Parker submitted uncertified and incomplete copies of her medical records and a case report article by V. H. Chong, H. B. Yim, and C. C. Lim entitled, "Clip-induced biliary stone." Following this hearing, the motion for summary judgment was denied, and Plaintiff was instructed that if no evidence was submitted, the case would be dismissed. The matter was re-set for hearing on May 18, 2009, and continued upon Parker's request for September 8, 2009. Parker did not appear at the hearing on September 8. On September 14, 2009, the trial court signed a judgment granting University Medical Center's motion for summary judgment and dismissing Parker's claims with prejudice at her cost. Parker now appeals, asserting that the trial court erred in granting the summary judgment without ruling on her motion to compel discovery and in not allowing her an opportunity to provide affidavits from medical experts. For the following reasons, we affirm.

## DISCUSSION

We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180. Accordingly, we must determine, using the same criteria applied by the trial court, whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The initial burden of proof is with the mover to show that no genuine issue of material fact exists.

*Simien v. Med. Protective Co.*, 08-1185, p. 4 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, 1209, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117.

In *Young v. Mobley*, 05-547, pp. 4-5 (La.App. 3 Cir. 3/1/06), 923 So.2d 917, 920-21, we stated:

Louisiana Revised Statute 9:2794 provides the applicable burden of proof for a plaintiff in a medical malpractice case. That article provides that a plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. Generally, expert testimony is required to establish the applicable standard of care and whether or not that standard of care was breached. *Butler [v. DePuy*, 04-101, p. 3 (La.App. 3 Cir. 6/9/04)], 876

2

So.2d 259 (citing *Davis v. Atchison*, 37,832 (La.App. 2 Cir. 10/29/03), 859 So.2d 931). There is an exception to this general rule for cases where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Thomas v. Southwest La. Hosp. Ass'n.*, 02-0645 (La.App. 3 Cir. 12/11/02), 833 So.2d 548, *writ denied*, 03-0476 (La. 4/25/03), 842 So.2d 401 (citing *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228). We do not find that this is such a case because, as in *Butler*, the procedure at issue was an invasive one performed by a medical specialist. Accordingly, we find that Plaintiffs would be required to produce expert testimony to establish the applicable standard of care and a breach thereof. We note that it has been recognized that a plaintiff can establish these things through the testimony of the defendant's expert witness. *Thomas*, 833 So.2d 548 (citing *Sandifer v. Wise*, 00-293, 00-294 (La.App. 4 Cir. 2/7/01), 780 So.2d 1099). However, in the present case, this option is not available to Plaintiffs because the expert testimony, in the form of the panel opinion and affidavit of Dr. Mobley, submitted on behalf of Dr. Mobley and Natchitoches Parish Hospital, indicated that there was no breach of the applicable standards of care by either provider.

All of Parker's arguments on appeal center on the fact that she believes that she was not given adequate answers to discovery requests and that she was not afforded an opportunity to complete discovery. Parker first complains that she was not allowed to conduct sufficient discovery. Specifically, she complains that the trial court erred in granting summary judgment without ruling on her motion to compel discovery. However, the record reflects that her motion to compel was not processed as a deposit was needed. The motion was filed on March 4, 2008. Parker did not file her in forma pauperis affidavit until January 28, 2009. Parker further argues that she was not allowed "an opportunity to provide affidavits from medical experts as a result of obtaining answers from Defendant's answers to interrogatories." Parker states: "the requested set of interrogatories were needed to depose the medical review panels [sic] affidavits that were offered in support of the summary judgment against her" and that "the set of interrogatories would allow her expert medical witness to substantiate her claim and aid with developing the expert testimony."

In *Simien*, 11 So.3d at 1210-11, we stated:

> We further note, as we did in *Young*, 923 So.2d at 921 (citing *Simoneaux v. E.I. du Pont de Nemours and Co., Inc.*, 483 So.2d 908, 912 (La.1986)), that "[t]here is no absolute right to delay action on a motion for summary judgment until discovery is completed." Louisiana Code of Civil Procedure article 966 provides that a defense motion for summary judgment may be made at "any time" and that "[a]fter

*adequate discovery* or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." [Emphasis added.] The trial court has discretion to render a summary judgment or to require further discovery. *Estate of Loveless ex rel Loveless v. Gay*, 41,575 (La.App. 2 Cir. 12/13/06), 945 So.2d 233. As such, on the facts of this case, we find no error in the trial court's grant of summary judgment while there was outstanding discovery or before Plaintiffs retained an expert.

Such is the case here. Parker was required to submit expert testimony to establish the applicable standard of care and a breach thereof. Use of the medical review panelists was not available to her since their opinion was that there was no breach. The trial court gave Parker an additional three months from the initial hearing on the motion for summary judgment in which to conduct discovery or obtain complete answers to her outstanding discovery, if any. Then, upon her motion for continuance of the May hearing, Plaintiff was given an additional four months to conduct discovery prior to the ultimate ruling on the motion for summary judgment. We further note that Parker was provided with copies of her medical records from University Medical Center, including all x-rays and film. Parker had more than four years to obtain the services of an expert and to complete discovery. Parker was given more than adequate opportunity to secure the services of an expert and to present such testimony to the court in opposition to the motion for summary judgment. Therefore, we find no error in the trial court's granting of the motion for summary judgment in favor of University Medical Center.

## DECREE

For all of the foregoing reasons, the summary judgment granted in favor of University Medical Center is affirmed. Costs of this appeal are assessed against Plaintiff-Appellant, Jessica M. Parker.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

4