NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-575

RENE OWENS

VERSUS

DR. RUTH SMOTHERS AND
OUR LADY OF LOURDES REGIONAL
MEDICAL CENTER

**********

APPEAL FROM THE
FIFTEENTH JUDICAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2010-4152-C
HONORABLE EDWARD B. BROUSARD, PRESIDING

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Marc W. Judice, Attorney at Law
926 Coolidge Boulevard
Lafayette, LA 70503
COUNSEL FOR DEFENDANT-APPELLEE:
    Dr. Ruth Smothers

John-Michael Lawrence, Attorney at Law
Energy Center, Suite 2900, PMB 204
1100 Poydras Street
New Orleans, LA 70163-2900

**COUNSEL FOR PLAINTIFF-APPELLANT:**
Rene Owens

**Robert A. Mahtook, Jr., Attorney at Law**
**Lisa M. Milazzo, Attorney at Law**
**600 Jefferson Street, Suite 1000**
**Lafayette, LA 70501**
**COUNSEL FOR DEFENDANT-APPELLEE:**
Our Lady of Lourdes Regional Medical Center

**PAINTER, Judge.**

Plaintiff, Rene Owens, appeals the trial court's grant of summary judgment in favor of Defendants, Dr. Ruth Smothers and Our Lady of Lourdes Regional Medical Center. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On June 30, 2008, Owens suffered burns to his lower extremities when a welding torch that he was using "blew up." He was admitted to Our Lady of Lourdes and treated by Dr. Smothers. He had second degree burns over seven percent (7%) of his body and partial thickness burns on his left and right tibias. He was discharged on July 4, 2008, with pain medication and instructions to follow up with plastic surgery and to continue his wound care as an outpatient. Owens alleges that this discharge was premature and that he experienced pain to the point of considering suicide. He alleges that the negligent discharge made additional treatment (including admission to Louisiana Extended Care Hospital of Lafayette) necessary and caused additional pain and suffering.

Owens filed a complaint with the Louisiana Patients' Compensation Fund, seeking review of the treatment provided to him by Dr. Smothers, Dr. Stephen DeLatte (a plastic surgeon who provided a consult at Our Lady of Lourdes), and Our Lady of Lourdes. On May 4, 2010, the medical review panel returned an opinion that neither Dr. Smothers nor Our Lady of Lourdes breached the applicable standard of care in the treatment of Owens. Dr. DeLatte was dismissed by Owens prior to the panel's opinion.

On June 18, 2010, Owens filed this suit against Dr. Smothers and Our Lady of Lourdes. Dr. Smothers and Our Lady of Lourdes filed motions for summary judgment, alleging that Owens failed to and cannot present any competent evidence that either breached the applicable standard of care. Specifically, Owens identified no expert witnesses. On March 23, 2011, the trial court granted both motions for

summary judgment, and Owens now appeals. Owens alleges that the trial court was premature in ruling on the motions since the deposition of his expert, Dr. DeLatte, was scheduled to take place two days after the hearings on the motions for summary judgment and that he needed no expert testimony due to "the emergency condition and nature" of his injuries.

## DISCUSSION

In *Simien v. Medical Protective Co.*, 08-1185, pp. 4-5 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, 1209-10, *writ denied*, 09-1488 (La. 10/2/09), 18 So.2d 117, this court recognized the standard of review applicable to this case:

> We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180. Accordingly, we must determine, using the same criteria applied by the trial court, whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. However, in *Butler v. DePuy*, 04-101, p. 3 (La.App. 3 Cir. 6/9/04), 876 So.2d 259, 261 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730), we noted:

>> [I]f the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but rather he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id.*

> Moreover, in *Young v. Mobley*, 05-547, p. 5 (La.App. 3 Cir. 3/1/06), 923 So.2d 917, 920-21, we explained:

>> Louisiana Revised Statute 9:2794 provides the applicable burden of proof for a plaintiff in a medical malpractice case. That article provides that a plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. Generally, expert testimony is required to establish the applicable standard of care and whether or not that standard of care was breached. *Butler*, 876 So.2d 259 (citing *Davis v. Atchison*, 37,832 (La.App. 2 Cir. 10/29/03), 859 So.2d 931). There is an exception to

2

this general rule for cases where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Thomas v. Southwest La. Hosp. Ass'n.*, 02-0645 (La.App. 3 Cir. 12/11/02), 833 So.2d 548, *writ denied*, 03-0476 (La.4/25/03), 842 So.2d 401 (citing *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228).

Owens contends that the treating physicians in this case are the experts and that no outside experts are needed. Owens asserts that a jury could easily determine, through the use of common sense, that he was still in need of care when he was negligently discharged. We do not agree with Owens' contention that no other expert testimony is required in this case. Owens must prove that the discharge was, in fact, negligent and a breach of the applicable standard of care. Whether his discharge from the hospital was negligent and whether it resulted in any damages are complex questions, and as in *Simien*, we find that Owens would be required to present expert testimony to establish the elements of his case. Defendants met their initial burden of proof on the motion for summary judgment, and the burden shifted to Owens to "sufficiently establish the existence of proof of an essential element of his claim on which he is to bear the burden of proving at trial." *Alex v. Dr. X*, 96-1196, p. 4 (La.App. 3 Cir. 3/5/97), 692 So.2d 499, 502; La.Code Civ.P. art. 966(C). Owens produced no expert testimony in the form of deposition or affidavit in opposition to the motion for summary judgment. Thus, the trial court was correct in granting summary judgment in favor of Dr. Smothers and Our Lady of Lourdes.

Owens also claims that the granting of the motions for summary judgment was premature in that the depositions of the personnel associated with the two hospitals involved in his care had not been taken. Apparently, the deposition of Dr. DeLatte, who had once been named as a defendant, was scheduled. Nearly three years had passed between Owens' injury and the grant of summary judgments. We agree with Defendants that Owens should have at

least offered an affidavit from Dr. DeLatte. Owens is not free to simply offer no evidence to rebut the motions for summary judgment.

As we did in *Simien*, 11 So.3d at 1210-11:

> We further note, as we did in *Young*, 923 So.2d at 921 (citing *Simoneaux v. E.I. du Pont de Nemours and Co., Inc*., 483 So.2d 908, 912 (La.1986)), that "[t]here is no absolute right to delay action on a motion for summary judgment until discovery is completed." Louisiana Code of Civil Procedure article 966 provides that a defense motion for summary judgment may be made at "any time" and that "[a]fter *adequate discovery* or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." [Emphasis added.] The trial court has discretion to render a summary judgment or to require further discovery. *Estate of Loveless ex rel Loveless v. Gay*, 41,575 (La.App. 2 Cir. 12/13/06), 945 So.2d 233.

Thus, we find no error in the trial court's grant of summary judgment.

## DECREE

For all of the foregoing reasons, the trial court's grant of summary judgment in favor of Dr. Smothers and Our Lady of Lourdes is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Rene Owens.

**AFFIRMED.**