STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1133


LOYCE ALLEN RAY

VERSUS

RODMAR ENTERPRISES, INC.


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 00-08680,
HONORABLE JAMES L. BRADDOCK
WORKERS' COMPENSATION JUDGE


**********


JIMMIE C. PETERS
JUDGE


**********


Court composed of John D. Saunders, Jimmie C. Peters, Marc T. Amy, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Saunders, J., dissents and assigns written reasons.

Robert E. Guillory, Jr.
Guillory & McCall, LLC
P. O. Drawer 1607
Lake Charles, LA  70602
(337) 433-9996
COUNSEL FOR DEFENDANTS/APPELLEES:
      Rodmar Enterprises, Inc.
      American Interstate Insurance Company

Loyce Allen Ray
In Proper Person
P. O. Box 2535
Ada, OK  74821
(580) 436-4445

PETERS, J.

Loyce Allen Ray appeals a summary judgment in favor of his employer, Rodmar Enterprises, Inc. (Rodmar Enterprises), and its insurer, American Interstate Insurance Company (American Interstate), dismissing Mr. Ray's claim for workers' compensation benefits, ordering forfeiture of Mr. Ray's right to benefits pursuant to La.R.S. 23:1208, and ordering restitution in the amount of $117,149.54 for amounts paid by American Interstate. For the following reasons, we reverse and remand for further proceedings.

Mr. Ray contends that he sustained a compensable accident on March 25, 1999, while working for Rodmar Enterprises. Initially, American Interstate paid weekly benefits and medical expenses associated with the alleged accident. At some point, American Interstate became suspicious of Mr. Ray's continued complaints of disability and retained an investigator to evaluate the overall situation. American Interstate claims that through this process it became aware that Mr. Ray was engaged in physical activities that would preclude his right to continued workers' compensation benefits. Among other things, American Interstate claims to have obtained information that Mr. Ray participated in the construction of a carport for the grandparents of his wife, Tandi, in Gerty, Oklahoma.

With this information in hand, American Interstate caused Mr. Ray's deposition to be taken. In response to specific questions concerning the carport construction, Mr. Ray specifically denied doing anything in the construction other than watching the trusses being put in place. The taking of other depositions revealed an entirely different picture of Mr. Ray's participation in the construction project. The deponents in those depositions testified that Mr. Ray directly participated in the construction project, even to the extent that he worked on the roof installation. Furthermore, some

of those deposed testified that Mr. Ray had offered them money to lie at the depositions. Armed with this sworn testimony and relying on the provisions of La.R.S. 23:1208, Rodmar Enterprises and American Interstate filed a motion for summary judgment seeking to have Mr. Ray's claim for workers' compensation benefits dismissed and seeking reimbursement of the $117,149.54 paid in weekly benefits and medical expenses. They submitted the following, among other items, in support of their motion:

1. Deposition of Loyce Allen Ray, taken June 18, 2002.
2. Deposition of Dale Sullivan, Mrs. Ray's grandfather, taken February 17, 2003.
3. Deposition of Lola Sullivan, Mrs. Ray's grandmother, taken February 17, 2003.
4. Deposition of Jerry Wayne Sanders, Mrs. Ray's stepfather, taken February 17, 2003.
5. Deposition of Diane Sanders, Mrs. Ray's mother, taken February 17, 2003.
6. Deposition of Steven Ray Gatlin, husband of Mrs. Ray's half-sister, taken February 17, 2003.
7. Deposition of Tesha Gatlin, Mrs. Ray's half-sister, taken February 17, 2003.
8. Affidavit of Dawn Neville, an American Interstate case manager.

In opposition to the motion for summary judgment, Mr. Ray attempted to introduce a written statement purportedly made by his wife as well as a photograph of his wife and himself. The workers' compensation judge (WCJ) refused to admit the written statement because it was not in affidavit form. Mr. Ray indicated that the photograph contradicted testimony of his wife's mother and stepfather. The WCJ refused to admit it into evidence as well.

Louisiana Revised Statutes 23:1208(A) provides that "[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." In addition to possible criminal prosecution as

2

provided for in La.R.S. 23:1208(C), a claimant who willfully makes a false statement or representation as defined by La.R.S. 23:1208(A) may be required to forfeit the right to benefits associated with the claim. La.R.S. 23:1208(E). Also, a claimant who commits fraud may be required to make restitution of all benefits paid up to the time the employer became aware of the fraud and to pay a civil penalty. La.R.S. 23:1208(D).

At the hearing on the motion for summary judgment, counsel for Rodmar Enterprises and American Interstate stated to the WCJ that "you either believe these four people, these four adults, subpoenaed under oath or, as Mr. Ray would have you believe, you - you don't believe your lying eyes." Thus, he made it clear that the motion survived or failed on the credibility of the witnesses deposed. The WCJ agreed by providing the following oral reasons in support of the summary judgment:

> Well, I have read the depositions of all these people and they pretty much put Mr. Ray's claim for compensation benefits in - in a bucket.
> They - Mr. Ray testified in his deposition taken June 18th of 2002 that he did not participate in any manual fashion in the - assisting his wife's grandfather build some type of carport structure. Although, everyone else testified that, in fact, Mr. Loyce Ray was on the roof of that structure and did manual labor by installing some type of sheet metal, I believe it was, or tin product or roof cap covering and that Mr. Ray was the only one capable at that time of doing that type of activity.
> Moreover the testimony from these persons are that when they were first subpoenaed to give depositions in Mr. Ray's claim for compensation benefits that there was conversation between Mr. Loyce Ray and a couple of these deponents that Mr. Ray offered them a hundred dollars to testify falsely about his participation in the construction of this carport structure.
> There is further testimony in the depositions that Mr. Ray has made statements over time that he - that he has no injury and that he has made this claim because he realizes the difficulty of physicians to diagnose a back injury and that he's only made this claim to get back at this employer because he believes that somehow they wrongfully terminated him.
> The deponents further testify that at no time in their association with Mr. Ray have they ever seen him act disabled, that he has moved on several occasions furniture and large appliances without difficulty.

3

The purpose of a motion for summary judgment, it's - it's a procedure . . . designed to secure just and speedy and inexpensive determination in an action. The burden remains upon the mover. And the Court is to consider the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits to determine whether there's a genuine issue of material fact.

And I'm to consider this in - in light of the relevant law. The relevant law in workers' compensation with respect to a 1208 claim is found in Revised Statute 23:1208 which states in section "A" that it shall be unlawful for any person for the purpose of obtaining or defeating any benefit or payment under the provisions of this chapter, either for himself or for any other person, to willfully make a false statement or representation.

And the only thing the Court has to find or - is that there was a false statement made and that it was made for the purposes of obtaining compensation benefits. . . .

In order to find - sustain a finding under 23:1208 the Court must determine that there's been a false statement or misrepresentation made; two, that it was willfully made, the statement or misrepresentation; and, three, that the statement was made or misrepresented for the purpose of obtaining workers' compensation benefit payments and that there is no requiring under 23:1208 of a showing of prejudice to an employer and that this statute is penal in nature and strictly construed.

Given the depositions of these individuals who are in-laws of Mr. Ray and who appear to have been personally present, some of which have - were personally present during the construction of the carport structure, and the Court being particularly impressed with the deposition of Ms. Tandi Ray's stepfather and the - given the fact that, according to him in his deposition, he was a former law enforcement person and specifically informed Mr. Loyce Ray that he would at no time give any false testimony in support of Mr. Ray's claim, the Court finds that the employer has shown under the requirements for a motion for summary judgment that Mr. Ray has violated Revised Statute 23:1208 and that there is a forfeiture of compensation benefits in this matter.

The affidavit of Ms. Dawn Neville, which is contained in the - which was executed on April 11th of 2003 and filed with this Court on April 16th of 2003, and all the offerings of the mover are admitted into evidence indicates there - there - there has been paid on behalf of the employer and insurance company to Mr. Ray the sum of one hundred and seventeen thousand one hundred and forty-nine dollars and fifty-four cents.

And the Court would order reimbursement of that entire sum to the employer and payor of benefits.

We agree that the evidence presented in support of the motion for summary judgment overwhelmingly establishes, *if believed*, that Mr. Ray did perform substantial manual labor on the carport construction project and that he sought to bribe

4

others who were aware of his activities with money in exchange for their false testimony in that regard. However, Mr. Ray's testimony, *if believed*, establishes that he did not perform substantial manual labor on the construction project.

As urged to do so by counsel for Rodmar Enterprises and American Interstate, the WCJ made specific credibility calls in reaching its decision. Credibility issues have no place in summary judgment procedure. *Lexington House v. Gleason*, 98-1818 (La.App. 3 Cir. 3/31/99), 733 So.2d 123, *writ denied*, 99-1290 (La. 6/25/99), 746 So.2d 603. "It is not the court's function on a motion for summary judgment to determine or even inquire into the merits of the issues presented. While deposition testimony may be used to support or oppose a motion for summary judgment, it may not be weighed." *Id.* at 126 (citation omitted). Had this case come before us in the posture of an appeal from a judgment on the merits, we would not have hesitated to affirm. However, because the ultimate conclusion that Mr. Ray willfully made false statements for the purpose of obtaining benefits required the weighing of evidence and the making of credibility calls in the context of a motion for summary judgment, we find that the WCJ erred in granting summary judgment.

## DISPOSITION

For the foregoing reasons, we reverse the summary judgment below and remand for further proceedings. We assess costs of this appeal to Rodmar Enterprises, Inc. and American Interstate Insurance Company.

**REVERSED AND REMANDED.**

NUMBER 03-1133

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

**LOYCE ALLEN RAY**

**VERSUS**

**RODMAR ENTERPRISES, INC.**


**SAUNDERS,J., dissenting.**

I would affirm the trial court, see (*Girard v Courtyard by Marriot*), 02-105

(La.App. 3 Cir. 10/2/02), 827 So.2d 578.