STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-435


LATISHA SIMON

VERSUS

DR. JOHNNY BIDDLE AND SOUTHWEST LOUISIANA HOSPITAL
ASSOCIATION D/B/A LAKE CHARLES MEMORIAL HOSPITAL


************


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-2462
HONORABLE ALCIDE GRAY, DISTRICT COURT JUDGE


************


JOHN D. SAUNDERS


************


Court composed of Sylvia R. Cooks, John D. Saunders, Michael G. Sullivan, Elizabeth A. Pickett, and James T. Genovese, Judges.


**Genovese, J., dissents and assigns reasons.**

**REVERSED.**

J. Bryan Jones, III
P.O. Box 8841
Lake Charles, Louisiana 70606-8841
(337) 598-2638
Counsel for Plaintiff/Appellant:
Latisha Simon

Benjamin J. Guilbeau, Jr.
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
P.O. Box 2900
Lake Charles, Louisiana 70602-2900
(337) 436-9491
Counsel for Defendant/Appellee:
Southwest Louisiana Hospital Association d/b/a/ Lake Charles Memorial
Hospital

John E. Bergstedt
J. Gregory Bergstedt
The Bergstedt Law Firm
One Lakeshore Drive, Suite 800
Lake Charles, Louisiana 70629-0111
(337) 436-4600
Counsel for Defendants/Appellees:
Dr. Johnny Biddle
Louisiana Medical Mutual Insurance Company

**SAUNDERS, Judge.**

Plaintiff, Latisha Simon (Simon), filed this medical malpractice action against her physician, Dr. Johnny R. Biddle, Jr. (Dr. Biddle)[1], his insurer, and the hospital, asserting that Defendants were negligent in failing to perform a tubal ligation and in failing to inform Plaintiff that said procedure had not been performed. Plaintiff appeals the trial court's grant of summary judgment in favor of the physician and his insurer. For the following reasons, we reverse.

## FACTS

Simon first saw Dr. Biddle, an obstetrician/gynecologist, on January 6, 2000, in connection with her pregnancy. Simon had undergone a prior cesarian section and indicated to Dr. Biddle that, when she delivered this child, she wanted to have a repeat cesarian section and a tubal ligation. Simon signed consent forms on July 26, 2000, for the repeat cesarian section delivery. On August 1, 2000, Dr. Biddle delivered Simon's child via cesarian section.

Nearly one year later, Simon learned that she was pregnant again. Asserting that this pregnancy resulted from the negligence of Dr. Biddle and/or the hospital staff, Simon filed a medical malpractice claim, which was submitted to a medical review panel. On January 21, 2004, the medical review panel rendered an opinion that "the evidence does not support the conclusion that the [D]efendants failed to meet the applicable standard of care as charged in the complaint."

On April 28, 2004, Simon filed the present medical malpractice lawsuit against defendants, Dr. Biddle, his medical malpractice insurer, Louisiana Medical Mutual Insurance Company (Louisiana Medical), and Southwest Louisiana Hospital

---

[1]We note that the caption of this proceeding names "Dr. Johnny Biddle" as a Defendant. Plaintiff's petition refers to Dr. Biddle as "Dr. Johnny Biddle, Jr." However, in his answer, and thereafter, Defendant, appears as "Dr. Johnny Biddle, Jr." or "Dr. Johnny R. Biddle, Jr." Therefore, they will all be considered as one and the same person.

Association d/b/a Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital (Lake Charles Memorial). Simon alleged that in July of 2000 she requested that Dr. Biddle perform a tubal ligation when he performed the cesarian section delivery. However, during her admission to the hospital, while the cesarian section was performed, Dr. Johnny Biddle did not perform the tubal ligation because she had not signed the proper consent forms. Simon alleged that she "was never informed that the tubal ligation was not performed until June 7, 2001, whenever she became pregnant again." Simon contended: (1) that defendants failed to provide her with all of the proper forms that she needed to sign for the tubal ligation to be performed; (2) that defendants failed to inform her that she did not have all of the proper forms signed for the tubal ligation to be performed; and (3) that Dr. Biddle failed to inform her that he could not perform the tubal ligation because she did not have all of the proper forms signed.

Dr. Biddle and Louisiana Medical filed a motion for summary judgment, asserting that there was no genuine issue of material fact as to any basis of liability on the part of these defendants, and that they were entitled to judgment as a matter of law. The trial court granted the motion for summary judgment and signed a written judgment on December 13, 2005. It is from this grant of summary judgment that Simon appeals.

## ISSUE

Is there a genuine issue of material fact as to whether Simon was told that she was not eligible for the tubal ligation and that the tubal ligation had not been performed?

2

## LAW AND ARGUMENT

**Standard of Review**

"Appellate courts review summary judgments *de novo,* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Richard v. Hall*, 03-1488, p.4 (La. 4/23/04), 874 So.2d 131, 137; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Despite the legislative mandate favoring summary judgments found at La.Code Civ.P. art. 966(A)(2), "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

**Summary Judgment**

As to the burden of proof in a motion for summary judgment, Louisiana Code of Civil Procedure Article 966(C)(2) states:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Despite the liberalization of the summary judgment procedure, the law is still

3

such that testimony may not be weighed in a summary judgment hearing. *Ray v. Rodmar Enterprises, Inc.*, 03-1133 (La. 3 Cir. 3/17/04), 868 So.2d 311.

In the *Ray* case, we held that the testimony of a workers' compensation claimant was not defeated by contradictory testimony from numerous, independent witnesses, including some members of the claimant's own family. We did so because the claimant's testimony, if believed, would support his position that there was a genuine issue of material fact, and therefore, was enough to defeat a motion for summary judgment as weighing evidence is not done at this stage of the proceedings.

I dissented in *Ray* as I felt that the liberalization of the summary judgment procedure might have justified some minimal weighing of evidence in extreme cases such as where, illustratively, the oath of a thousand angels is opposed by that of a single rogue. My thinking was that there are cases where the evidence of the party opposing the motion is so patently inadequate that it has no realistic possibility of prevailing even before the most generous and patient arbiter who is sympathetic to its cause. I feel such an approach is warranted by the attempts of the legislature to "level the playing field" between the parties to a summary judgment [2] and would further the cause of judicial efficiency and may even be seen as charitable toward both the party championing a doomed cause and the opposing party who may endure considerable expense to gain its inevitable victory. I now recognize and concede that, under current law, no such exception to the general rule exists and that there can be no weighing of evidence at the summary judgment stage.

In the case before us, to determine whether Simon has an absence of factual support for one or more elements of her claim we must look to her burden of proof

---

[2]*Hayes v. Autin*, 96-287 (La. App.3 Cir. 12/26/96), 685 So.2d 691, 694, *writ denied* 97-281 (La. 3/14/97), 690 So.2d 41; La.Code Civ.P. art. 966(C).

4

in a medical malpractice claim. The burden of proof in a medical malpractice action was set forth by this court in *Young v. Mobley*, 05-547, p. 5 (La.App. 3 Cir. 3/1/06), 923 So.2d 917, 920-21 (Emphasis Added), wherein we stated as follows:

> Louisiana Revised Statute 9:2794 provides the applicable burden of proof for a plaintiff in a medical malpractice case. That [statute] provides that a plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. Generally, expert testimony is required to establish the applicable standard of care and whether or not that standard of care was breached. *Butler [v. DePuy*, 04-101 (La.App. 3 Cir. 6/9/04)], 876 So.2d 259 (citing *Davis v. Atchison*, 37,832 (La.App. 2 Cir. 10/29/03), 859 So.2d 931). **There is an exception to this general rule for cases where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony**. *Thomas v. Southwest La. Hosp. Ass'n.*, 02-0645 (La.App. 3 Cir. 12/11/02), 833 So.2d 548, *writ denied*, 03-0476 (La.4/25/03), 842 So.2d 401 (citing *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228).

Here we have such a situation wherein a lay person, without expert guidance, can discern that it is negligent to fail to inform a patient that a requested surgical procedure was not done. Therefore, in derogation of the general rule set forth in *Young*, it was not required that Simon provide expert testimony to establish the applicable standard of care nor was it necessary to provide expert testimony to establish that the applicable standard of care was breached.

Under current law, in order to defeat Dr. Biddle's motion for summary judgment, Simon merely had to allege the obvious standard of care is to inform a patient of a failure to perform a requested procedure, and that the evidence, when construed most favorably to her, indicated that there was a genuine issue as to whether she was informed of such failure to perform the requested procedure. We find that she has done so.

5

Dr. Biddle, in support of the motion for summary judgment, introduced the opinion of the medical review panel, the reasons for the opinion of the medical review panel, the affidavit of James M. Brown, and the affidavit of Dr. Michael Foreman.

We note that it is clear that the medical review panel did not find that failure to advise a patient is not a breach of the standard of care. The medical review panel instead made a determination that:

> Dr. Biddle wanted no ambiguity with regards to this issue as he documented in the history and physical that he dictated August 1, 2000, that he would not be performing a tubal ligation since the consent for this procedure was not confirmed. He redocumented the fact that a tubal ligation was not performed in the operative report as well. Ms. Simon never consented to the procedure for a tubal ligation with Dr. Biddle, therefore, the procedure was not performed nor could the patient expect it to be performed.

What the medical review panel did, in essence, is find that, given the weight of the evidence in front of them, Dr. Biddle must have informed Simon that he did not perform the procedure or that Simon should have known that Dr. Biddle did not perform the procedure. While these findings by the medical review panel may or may not be correct, they are improper. These are findings of fact made by weighing evidence. This must be done by a judge or jury, i.e. a finder of fact - not the medical review panel.

It is clear that Simon, through her petition and her affidavit, alleged a standard of care, alleged a breach of the standard of care, presented evidence that created a genuine issue of material fact as to whether that standard of care was breached and alleged an injury that resulted from that breach.

Simon alleged a failure to advise in her petition as follows:

9.

DR. JOHNNY BIDDLE and SOUTHWEST LOUISIANA

6

HOSPITAL ASSOCIATION d/b/a LAKE CHARLES MEMORIAL HOSPITAL failed in their legal duty to inform LATISHA SIMON that she did not have all the proper forms signed in order to have the tubal ligation performed.

10.

DR. JOHNNY BIDDLE failed in his legal duty to inform LATISHA SIMON that he could not perform the tubal ligation because she did not have all the proper forms signed in order to have the tubal ligation performed.

Simon also alleges that Dr. Biddle is liable to her under the Louisiana Medical Malpractice Act and alleges, at least by implication, that the failure to advise is a violation of the Louisiana Medical Malpractice Act, and that she was injured by this failure to advise. Further, Simon introduced an affidavit wherein she stated that she was never informed by anyone that the tubal ligation could not be performed, and, as a result, became pregnant. Thus, the genuine issue of whether Dr. Biddle advised the plaintiff remains unresolved.

In order to win his motion for summary judgment, Dr. Biddle must have shown that his alleged failure to inform Simon that no tubal ligation was done is not a breach of the standard of care, or that, when viewing the evidence in a light most favorable to Simon, he did in fact inform Simon that he did not do a tubal ligation. He has done neither. Accordingly, summary judgment was not proper.

## DECREE

For the foregoing reasons, the judgment of the trial court granting defendants'
motion for summary judgment is reversed.

Costs of this appeal are assessed against defendants.

**REVERSED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-435

LATISHA SIMON

VERSUS

DR. JOHNNY BIDDLE AND SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION D/B/A LAKE CHARLES MEMORIAL HOSPITAL

**GENOVESE, J., dissents and assigns the following written reasons.**

This is a medical malpractice case. Perhaps I am that one rogue opposing the oath of a thousand angels as set forth in the majority opinion. The majority relies on an exception to the general rule set forth in La.R.S. 9:2794 that the plaintiff must prove by a preponderance of the evidence: (1) the standard of care; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. As set forth in *Young v. Mobley*, 05-547, p.5 (La.App. 3 Cir. 3/1/00), 923 So.2d 917, 920-21, we noted "an exception to this general rule for cases where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony."

According to the majority, the facts in this case are such that "it was not required that Simon provide expert testimony to establish the applicable standard of care nor was it necessary to provide expert testimony to establish that the applicable standard of care was breached." In this case, an over abundance of expert medical testimony was countered solely by plaintiff's own affidavit.

The dispute in this medical malpractice case is whether or not a physician informed a patient that a requested surgical procedure was or was not done. There is a standard of care required of physicians relative to informing patients about requested surgical procedures. That is a matter subject to the Louisiana Medical Malpractice Act and requires expert testimony in order to establish the requisite

standard of care. The plaintiff, a lay person, does not and can not establish such a standard of care. That standard of care must be established by expert medical testimony. The facts in this case do not trigger the limited exception that the negligence was so obvious that a lay person could infer such negligence without the guidance of expert testimony.

Considering the failure of the plaintiff to meet the requisite legal burden of proof in this medical malpractice case, I would affirm the trial court's grant of summary judgment in favor of the physician and his insurer.