STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1185

CLEOTTER SIMIEN, ET AL.

VERSUS

MEDICAL PROTECTIVE
COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, C-20073915
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Cooks, Judge, dissents and assigns written reasons.

Lloyd Dangerfield, Attorney at Law
703 E. University Avenue
Lafayette, LA 70503
Counsel for Plaintiffs-Appellants:
     Cleotter Simien, et al.

Marc W. Judice
Judice & Adley, A.P.L.C.
926 Coolidge Boulevard
Lafayette, LA 70505
Counsel for Defendants-Appellees:
     Medical Protective Company and Dr. John Rainey
PAINTER, Judge.

Plaintiffs, Cleotter and Ruben Simien, filed a medical malpractice suit against Medical Protective Company and Dr. John Rainey relative to the recurrence of Mrs. Simien's thyroid cancer. Plaintiffs now appeal the dismissal of their suit by the trial court's grant of summary judgment in favor of Defendants. For the following reasons, we affirm the trial court's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

In January of 1998, Mrs. Simien was diagnosed with thyroid cancer and underwent a total thyroidectomy. She began treating with Dr. Rainey following a consult request from Dr. Ernest Kinchen, Jr. after the surgery. She continued treating with Dr. Rainey and numerous other physicians for various medical problems until she failed to show for an appointment with Dr. Rainey on September 22, 2005. Mrs. Simien, who was hoping to become pregnant, was seen at M.D. Anderson Cancer Center on February 14, 2005, and was informed that her thyroid cancer had recurred. She underwent surgery for the removal of multiple nodules and the recurrent tumor. Following this diagnosis, Mrs. Simien, in proper person, requested that a medical review panel be formed to review her allegations that Dr. Rainey failed to order or perform the necessary medical testing based on her earlier diagnosis of thyroid cancer and that such failure allowed her cancer to recur and grow undetected.

In due course, a medical review panel was convened. The panelists were Dr. Deborah Abernathy, Dr. Howard G. Wold, and Dr. Bashar Saad. On March 22, 2007, the panel rendered its opinion that Dr. Rainey fell below the requisite standard of care in his treatment of Mrs. Simien, stating:

> The [p]anel is of the opinion that the tests ordered by Dr. Rainey throughout the follow-up care did not include an annual measurement of the thyroglobulin.

In 2004, when the elevated thyroglobulin was noted, this result was elevated for someone who had previously had a total thyroidectomy. Therefore, a more aggressive work-up at that time, looking for evidence of recurrence, would have been appropriate.

However, the panel went on to find that the conduct complained of was not a factor of the resultant damages. The panel stated: "In fact, the prognosis for the patient is excellent and the failure to take such test did not contribute negatively to the condition of the patient."

Thereafter, on or about July 24, 2007, Mrs. Simien and her husband, again in proper person, filed suit in district court against Dr. Rainey and Medical Protective Company. Defendants answered the petition and propounded discovery upon Plaintiffs, requesting, among other things, that Plaintiffs identify all experts with whom they had consulted or whom they would call to testify at trial. Plaintiffs failed to respond to said discovery. In December 2007, Defendants filed a motion for summary judgment on the ground that Plaintiffs were unable to produce the required expert evidence needed to support their assertion that Dr. Rainey breached the applicable standard of care and that this breach caused the alleged damages. In February 2008, Plaintiffs obtained legal counsel, requested a continuance of the hearing on the motion for summary judgment (to which Defendants did not object), and filed an opposition to the motion for summary judgment alleging that there had not been adequate time for discovery. Other than the panel opinion and an affidavit of Mrs. Simien, who is herself a registered nurse, outlining her medical treatment, Plaintiffs submitted no evidence in opposition to the motion for summary judgment.

A hearing on the motion for summary judgment was held on April 21, 2008. Plaintiffs still had not responded to the outstanding discovery. When questioned by the trial court as to whether an expert could be retained by Plaintiffs by the first of

3

June, Plaintiffs' counsel indicated that he was unable to make such an assurance. The trial court then granted Defendants' motion for summary judgment, implicitly agreeing with Defendants' assertions that expert testimony was required and that Plaintiffs could not offer sworn expert testimony to meet their burden of proving the essential elements of their claim, and further stated that there was no good faith effort on the Plaintiffs' part to move the case forward. Plaintiffs now appeal, again asserting that adequate discovery had not been taken and that there existed a genuine issue of material fact regarding causation.

## DISCUSSION

We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180. Accordingly, we must determine, using the same criteria applied by the trial court, whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. However, in *Butler v. DePuy*, 04-101, p. 3 (La.App. 3 Cir. 6/9/04), 876 So.2d 259, 261 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730), we noted:

> [I]f the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but rather he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

Moreover, in *Young v. Mobley*, 05-547, p. 5 (La.App. 3 Cir. 3/1/06), 923 So.2d 917, 920-21, we explained:

> Louisiana Revised Statute 9:2794 provides the applicable burden of proof for a plaintiff in a medical malpractice case. That article

4

provides that a plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. Generally, expert testimony is required to establish the applicable standard of care and whether or not that standard of care was breached. *Butler*, 876 So.2d 259 (citing *Davis v. Atchison*, 37,832 (La.App. 2 Cir. 10/29/03), 859 So.2d 931). There is an exception to this general rule for cases where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Thomas v. Southwest La. Hosp. Ass'n.*, 02-0645 (La.App. 3 Cir. 12/11/02), 833 So.2d 548, *writ denied*, 03-0476 (La.4/25/03), 842 So.2d 401 (citing *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228).

We agree with the trial court's finding that this is not a case where negligence is so obvious that expert testimony is unnecessary. Issues of the relation between any alleged failure on the part of Dr. Rainey to properly test Mrs. Simien, the recurrence of her cancer, and any resultant damages are complex, and we find that Plaintiffs would be required to present expert testimony to establish the elements of her case. As in *Young*, we note that Plaintiffs would not be able to use the testimony of defense experts (in the form of the medical review panel opinion) to establish causation since the panel indicated that its opinion was that the conduct complained of was not a factor of the resultant damages.

Defendants met their initial burden of proof on the motion for summary judgment. The panel opinion shows that there is an absence of factual support for an essential element of Plaintiffs' claim, *i.e.*, that there was a causal connection between the breach and the resulting injury. As such, the burden shifted to Plaintiffs to "sufficiently establish the existence of proof of an essential element of his claim on which he is to bear the burden of proving at trial." *Alex v. Dr. X*, 96-1196, p. 4 (La.App. 3 Cir. 3/5/97), 692 So.2d 499, 502; La.Code Civ.P. art. 966(C). Plaintiffs produced no expert testimony as to causation in opposition to the motion for summary

5

judgment and could not agree to any time frame in which to retain such an expert. Therefore, we find the Plaintiffs did not successfully rebut Defendants' showing on summary judgment. Accordingly, because Plaintiffs failed to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial, the trial court was correct in granting summary judgment in favor of Defendants.

We next address Plaintiffs' argument that there had been insufficient time to conduct discovery. Nearly three years elapsed between the alleged malpractice and the grant of the summary judgment in favor of Defendants. Approximately nine months passed between the filing of Plaintiffs' petition and the hearing on the motion for summary judgment. Plaintiffs had retained counsel nearly two months before the hearing. No answers to outstanding discovery were made during that time. Further, Plaintiffs could not, or would not, commit to any time frame for the retention of experts when such an option was offered by the trial court. Plaintiffs were given every opportunity to present expert testimony to support their claims.

We further note, as we did in *Young*, 923 So.2d at 921 (citing *Simoneaux v. E.E. du Pont de Nemours and Co., Inc.*, 483 So.2d 908, 912 (La.1986)), that "[t]here is no absolute right to delay action on a motion for summary judgment until discovery is completed." Louisiana Code of Civil Procedure article 966 provides that a defense motion for summary judgment may be made at "any time" and that "[a]fter *adequate discovery* or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." [Emphasis added.] The trial court has discretion to render a summary judgment or to require further discovery. *Estate of Loveless ex rel Loveless*

*v. Gay*, 41,575 (La.App. 2 Cir. 12/13/06), 945 So.2d 233. As such, on the facts of this case, we find no error in the trial court's grant of summary judgment while there was outstanding discovery or before Plaintiffs retained an expert.

## DECREE

The trial court's grant of summary judgment in favor of Defendants, Medical Protective Company and Dr. John Rainey, is affirmed. Costs of this appeal are assessed against Plaintiffs-Appellants, Cleotter and Ruben Simien.

**AFFIRMED.**