STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-450

HERSHEL BLOOD

VERSUS

SOUTHWEST MEDICAL CENTER F/K/A MEDICAL CENTER OF
SOUTHWEST LOUISIANA

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2010-0233
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Elizabeth A. Pickett, Judges.

AFFIRMED.

Stephen Gary McGoffin
Shawn A. Carter
Durio, McGoffin, Stagg & Ackerman
P. O. Box 51308
Lafayette, LA 70505
Telephone:  (337) 233-0300
COUNSEL FOR:
     Defendant/Appellee - The Regional Health System ofAcadiana, LLC

David Winston Ardoin
Ardoin, McKowen & Ory, LLC
P. O. Box 127
Thibodaux, LA 70302
Telephone:  (985) 446-3333
COUNSEL FOR:
     Plaintiff/Appellant - Hershel Blood

**THIBODEAUX, Chief Judge.**

Plaintiff, Hershel Blood, filed this medical malpractice lawsuit against Defendant, Regional Medical Center of Acadiana ("RMCA")[1] seeking damages for an incident that occurred while he was a patient in RMCA's post-operative care. Following surgery, RMCA nurses moved Mr. Blood from his bed to a reclining surgical chair, at which point the chair suddenly and inadvertently reclined farther than intended. Mr. Blood alleges he sustained permanent injuries to his back as a result. RMCA filed a Motion for Summary Judgment identifying the lack of evidence to support Mr. Blood's allegations regarding RMCA's standard of care and breach thereof. The trial court granted RMCA's motion, and Mr. Blood appeals that judgment. For the following reasons, we affirm the judgment of the trial court.

## I.

### ISSUE

We will consider whether the trial court erred in granting RMCA's Motion for Summary Judgment.

## II.

### FACTS AND PROCEDURAL HISTORY

The day after Mr. Blood underwent gastric bypass surgery at RMCA, Nurses Rachelle Sorlie and Roger Henson transferred Mr. Blood from his bed to a reclining surgical chair. After the nurses completed the transfer, Nurse Sorlie attempted to recline the chair, but instead of reclining into the first position, as the nurse intended, the chair abruptly reclined farther back. Mr. Blood alleges this sudden motion permanently injured his back. Mr. Blood filed a complaint with the Louisiana

---

[1]Defendant's Brief explains that Defendant is actually Regional Health Systems of Acadiana, doing business as The Regional Medical Center of Acadiana, formerly known as Southwest Medical Center. For ease of understanding, we will refer to Defendant as RMCA.

Patient's Compensation Fund against RMCA, and a Medical Review Panel ("Panel") reviewed his case. The Panel found in the hospital's favor regarding all of the allegations. Specifically, the Panel found no evidence indicating that RMCA improperly inspected or operated the surgical chair.

Mr. Blood filed a medical malpractice lawsuit alleging that RMCA failed to properly complete the transfer of Mr. Blood from his hospital bed to the surgical chair; failed to properly inspect or operate the surgical chair; and, failed to meet the standard of care.[2] The trial court granted RMCA's Motion for Summary Judgment dismissing all claims and Mr. Blood appeals.

III.

## LAW AND DISCUSSION

### Standard of Review

We review a grant of summary judgment de novo "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. If the mover will not bear the burden of proof at trial on the matter, then he must only present evidence showing a lack of factual support for one or more elements essential to the non-mover's case. La.Civ.Code art. 966(C)(2); *Simien v. Med. Protective Co.*, 08-1185 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine issue of material fact. *Id.* If the non-mover fails to present some evidence that he might be able to meet his burden of proof at trial, the motion should be granted. *Id.*

---

[2]Mr. Blood's petition originally alleged a fourth claim against RMCA but this was dismissed by motion in the trial court.

**Discussion**

Mr. Blood asserts that the evidence he presented to the trial court is sufficient to overcome a grant of summary judgment. Specifically, Mr. Blood asserts three things: that RMCA failed to completely transfer him from the hospital bed to the chair; that he did not need expert evidence to overcome summary judgment; and that Nurse Sorlie had a duty to visually and physically inspect the chair prior to placing Mr. Blood in it.

*RMCA's Transfer of Mr. Blood to the Surgical Chair*

Mr. Blood first alleges RMCA failed to properly complete the transfer from his hospital bed to the surgical chair. We disagree. Mr. Blood presented no evidence in the trial court to support this allegation. In fact, Mr. Blood's own deposition contradicts his argument. The following exchange between Mr. Blood and the deposing attorney illustrates this contradiction:

> "Q. Okay. All right. So, one of them told you: 'We're going to take you downstairs . . .' What happened next?
>
> A. They got me out of bed, they put me in the chair, and I do remember that the female nurse leaned down to pick up some of the wires, or IV's, or whatever it was that was hanging in front of me. And when she did, the chair flipped backwards.
>
> Q. Okay. So you were in the chair already?
>
> A. Correct. I was sitting down in the chair."

By Mr. Blood's own testimony, the nurses had completed the transfer when this incident happened. No genuine issue of material fact exists on this issue. The trial court, therefore, properly disposed of this claim on summary judgment.

3

*Expert Evidence*

Mr. Blood maintains that although medical malpractice cases generally require expert testimony to prove the standard of care, Mr. Blood himself is not required to present such evidence for two reasons. First, he asserts that the Panel's opinion should direct this court to find that he does not need to prove the standard of care with an expert opinion. We disagree with Mr. Blood's interpretation of the Panel's opinion and, alternatively, with his contention that we must follow it. The Panel stated "[w]ith respect to the allegations pertaining to the alleged failure to properly inspect and/or operate the hospital equipment, there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court." The Panel concluded that there were "no records to indicate that the equipment was improperly inspected or operated." Mr. Blood asserts that the Panel was instructing this court to find an expert opinion unnecessary. We conclude, however, that the Panel stated that it had no *medical* opinion regarding the operation of the chair because the plaintiff presented no evidence to guide the Panel's decision in that regard. Further, even if we decide the Panel did indeed state that the plaintiff did not need an expert, this court is not bound by the Panel's opinion.[3] We find no merit in this argument.

Mr. Blood also contends that this case falls under an exception to the expert testimony requirement in medical malpractice cases.[4] Because we find the evidence Mr. Blood presented, expert or not, insufficient to meet his burden on summary judgment, we decline to address this contention.

---

[3]Jurisprudence dictates that while the opinion of a medical review panel may be considered by a court when ruling on a summary judgment motion, such opinion is neither conclusive nor binding. *McGlothlin v. Christus St. Patrick Hosp.*, 10-2775 (La. 7/1/11), 65 So.3d 1218.

[4]Expert testimony may not be required when the case presents acts of obvious carelessness where the fact finder can infer negligence from the facts. *Pfiffner v. Correa*, 94-992 (La. 10/17/94), 643 So.2d 1228. Examples of such negligence include "fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body." *Pfiffner*, 643 So.2d at 1233.

*Standard of Care Regarding Inspection*

Mr. Blood argues that the evidence is sufficient to show that Nurse Sorlie had a duty to visually and physically inspect the surgical chair before using it. We disagree. In its motion, RMCA pointed out the absence of evidence establishing both the standard of care and that Nurse Sorlie had breached the standard, two elements essential to Mr. Blood's claim. RMCA supported its motion with the affidavit of Nurse Sorlie, who attested that she performed a visual inspection before placing Mr. Blood in the chair and that the chair appeared in good working condition. Further, in her deposition, Nurse Sorlie expressed her belief that the maintenance department typically inspected the surgical chairs. Once RMCA sufficiently supported its motion, the burden shifted to Mr. Blood to support his allegation that Nurse Sorlie had a duty to inspect the chair both visually and physically before transporting him.

To prevail at trial, Mr. Blood would have to establish the standard of care applicable to RMCA; show that RMCA breached the standard of care; and demonstrate that a causal connection exists between RMCA's breach and the plaintiff's resulting injury. *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So.3d 1002. To prove the standard of care, Mr. Blood must show that Nurse Sorlie had a duty to exercise the same degree of skill exercised by other nurses in a similar locality; that she failed to exercise such skill; and that he suffered injuries as a result. La.R.S. 9:2794; *Odom v. State ex rel. Dep't of Health and Hosp.*, 98-1590 (La.App. 3 Cir. 3/24/99), 733 So.2d 91. On summary judgment, Mr. Blood had to provide some evidence that he could meet this burden at trial. We find he has not demonstrated such evidence.

The only evidence Mr. Blood presented in opposition to summary judgment was an affidavit from a registered nurse, Craig Savoie, purporting to establish the standard of care and RMCA's breach thereof. In his affidavit, Mr. Savoie attests that he is a Certified Registered Nurse Anesthetist and a Registered

5

Nurse with five years of critical care experience. Mr. Savoie claims familiarity with the specific chair used to transport Mr. Blood and states that "[p]rior to the use and implementation of any medical device in the treatment and care of a patient; it is necessary to perform both a visual and physical examination of the equipment; including 'automatic' functions;" and "[f]ailure to perform both visual and physical examination of equipment falls below the applicable standard of care."

Affidavits in opposition to a motion for summary judgment must be made on personal knowledge, set forth facts that would be admissible as evidence, and show the affiant is competent to testify as to the matters asserted. La.Code Civ.P. art. 967. We conclude that while Mr. Savoie's affidavit is sufficient to establish the standard of care, it is insufficient to establish to whom the standard of care applies. That is, the affidavit is insufficient to establish that Nurse Sorlie herself had the duty to physically inspect the chair.[5]

In his Brief submitted to this court, Mr. Blood argues that because the *nurse* failed to physically inspect the chair, the hospital breached the standard of care. Mr. Savoie's affidavit, however, does not support that contention. Moreover, Mr. Blood provides no other evidence to support it either. Mr. Savoie attests that a medical device must be physically examined; however, he does not attest that a nurse must perform this task. The affidavit merely states that "*it* is necessary" to physically inspect the chair; it does not state *by whom* it is necessary. In fact, Nurse Sorlie's deposition testimony states that it was her belief that the hospital's maintenance department inspected the chairs prior to use. Mr. Blood provided no evidence to contradict that belief. Since establishing the standard of care applicable to Nurse Sorlie is an essential element to Mr. Blood's case that he will have the burden of proving at trial, and since he has presented no evidence that he may be able to prove

---

[5]Mr. Savoie's affidavit does not provide evidence supporting the causation element of Mr. Blood's case. Other material in the record does provide such evidence; however, since we have decided that Mr. Blood cannot withstand summary judgment on a separate element of his claim, we decline to address the causation element.

that element, we affirm the trial court's grant of summary judgment in favor of RMCA.

## IV.

## <u>CONCLUSION</u>

For the reasons above, we affirm the trial court's judgment. Costs of this appeal are assessed against Appellant, Hershel Blood.

**AFFIRMED**.