# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-204


**CHARLES D. ISGITT**

**VERSUS**

**STATE FARM INS. CO., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 85,295, DIV. C
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**Steven D. Crews**
**Corkern, Crews & Guillet, L.L.C.**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**Telephone: (318) 352-2302**
**COUNSEL FOR:**
    **Defendants/Appellees - State Farm Ins. Co. and Leroy D. Cooley**

**S. Christie Smith, IV**
**SmithBush, LLP**
**P. O. Drawer 1528**
**Leesville, LA 71496-1528**
**Telephone: (337) 239-2244**
**COUNSEL FOR:**
    **Plaintiff/Appellant - Charles D. Isgitt**

**THIBODEAUX, Chief Judge.**

Charles Isgitt, an employee of Lewing Construction, suffered a severe leg injury when he fell from a platform at a construction site on Leroy Cooley's property. Mr. Isgitt alleges that the trial court erred in granting summary judgment to the defendants, Leroy Cooley and his insurer, State Farm Mutual and Casualty Company.

Specifically, Mr. Isgitt asserts that the trial court erred by ruling that: (1) Mr. Cooley could not be held liable for the contractor's, Keith Lewing's, negligence, because Mr. Lewing was an independent contractor; and (2) Mr. Cooley did not act negligently.

## I.

### ISSUE

We must decide whether the trial court erred in granting summary judgment in favor of Mr. Cooley.

## II.

### FACTS AND PROCEDURAL HISTORY

Mr. Cooley and his wife entered into a construction contract with Keith Lewing, d/b/a Lewing Construction, to build a new home. Mr. Cooley testified that he knew Mr. Lewing to be an experienced, reputable builder.

Mr. Cooley gave Mr. Lewing permission to use a John Deere tractor which he owned. Mr. Cooley testified that, given Mr. Lewing's vast experience operating tractors, backhoes, bulldozers, and other types of construction equipment, he did not feel it was necessary to provide Mr. Lewing with

instructions regarding the use of the tractor. In the weeks leading up to the accident, Mr. Lewing and his crew used the tractor on numerous occasions.

On the date of the accident, Mr. Lewing was working on the soffits of the home. Feeling that he did not have sufficient scaffolding to reach the necessary height, Mr. Lewing and two other employees, including Mr. Isgitt, decided to place a ladder on the tractor platform as a make-shift scaffold to reach the highest point of the house. Once the scaffolding was constructed, Mr. Isgitt climbed onto the platform. Mr. Lewing, who was operating the tractor, lifted the front-end loader to a height sufficient for Mr. Isgitt to reach the soffits. While Mr. Isgitt was on the ladder, Mr. Lewing attempted to leave the tractor's cab to assist in gathering additional supplies for Mr. Isgitt. As he exited the tractor, Mr. Lewing's tool belt hit the tractor's lever, and the loader tilted. Mr. Isgitt fell to the ground and suffered severe injuries to his leg, which ultimately resulted in its partial amputation.

Following the accident, Mr. Isgitt filed a workers' compensation claim against Mr. Lewing. Subsequently, Mr. Isgitt filed the present action, alleging that the comparative negligence of Mr. Lewing and Mr. Cooley led to Mr. Isgitt's injuries. Mr. Cooley and State Farm filed exceptions of no right/no cause of action and motions for summary judgment asserting that Mr. Cooley owed no duty to Mr. Isgitt to prevent Mr. Isgitt's employer, Mr. Lewing, from using the tractor in the manner that ultimately resulted in Mr. Isgitt's injuries. The trial court entered judgment in favor of the defendants, and Mr. Isgitt now appeals.

## LAW AND DISCUSSION

### Standard of Review

We review a grant of summary judgment de novo "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. If the mover will not bear the burden of proof at trial on the matter, then he must only present evidence showing a lack of factual support for one or more elements essential to the non-mover's case. La.Code Civ.P. art. 966(C)(2); *Simien v. Med. Protective Co.*, 08-1185 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, *writ denied,* 09-1488 (La. 10/2/09), 18 So.3d 117. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine issue of material fact. *Id.* If the non-mover fails to present some evidence that he might be able to meet his burden of proof at trial, the motion should be granted. *Id.*

### Liability of Mr. Cooley as a Property Owner

Under Louisiana law, a principal is generally not liable for the offenses committed by an independent contractor while performing its contractual duties. *Loftus v. Kuyper*, 46,961 (La.App. 2 Cir. 3/14/12), 87 So.3d 963. Liability of the principal to an employee of the independent contractor for injuries sustained by the employee while performing the contract is limited by the application of this principle. This rule is subject to two exceptions. First, the principal may not avoid

liability for injuries resulting from an ultra-hazardous activity by hiring out the work to an independent contractor. The second exception arises when the principal reserves the right to supervise or control the work of the independent contractor or gives express or implied authorization to an unsafe practice. *Ewell v. Petro Processors of La., Inc.*, 364 So.2d 604 (La.App. 1 Cir. 1978), *writ denied*, 366 So.2d 575 (La.1979).

An activity is considered ultra-hazardous if three conditions are present: the activity is related to land or some other immovable; the activity causes the injury and the defendant is directly engaged in the injury causing activity; and the activity can cause the injury even when conducted with great prudence and care. *Davis v. Ins. Co. of North America*, 94-698 (La.App. 1 Cir. 3/3/95), 652 So.2d 531, *writ denied*, 95-840 (La. 5/5/95), 654 So.2d 334. The parties do not contend that no safe method existed through which the job could have been performed. Thus, the ultra-hazardous exception to non-liability of the principal does not apply in this case.

The first part of the second exception arises when the principal reserves the right to supervise or control the work of the independent contractor. Here, Mr. Cooley contracted with Mr. Lewing to build his new home. Mr. Cooley had no contractual relationship with Mr. Isgitt, and he did not supervise or exercise any control over Mr. Isgitt or his employer. Indeed, Mr. Cooley was not present at the job site on the day of the accident. We conclude that Mr. Cooley does not fall into this part of the second exception.

The second part of the second exception arises when the principal gives express or implied authorization to an unsafe practice. Mr. Isgitt alleges that Mr. Cooley was aware of, and consented to, the loader being used as a work

4

platform as it was on the day of the accident. The evidence does not support his claim. Indeed, Mr. Isgitt testified that the date of the accident was the first day that the tractor had been used in such a manner, and Mr. Cooley was not present at the site on the day of the accident. Moreover, Mr. Isgitt testified that, to his knowledge, Mr. Cooley did not assent to using the tractor as a platform for a ladder. Thus, the evidence supports Mr. Cooley's claim that the day of the accident was the first time that the tractor had been used in such an unsafe manner. We find that Mr. Cooley is not liable for the actions of his independent contractor.

## Independent Negligence

As an alternative theory of recovery, Mr. Isgitt alleges that Mr. Cooley acted negligently by: (1) failing to provide the tractor's owner's manual to Mr. Lewing and (2) consenting to the tractor's unsafe use. We find no merit in Mr. Isgitt's allegations.

### *(1) The Owner's Manual*

Mr. Isgitt alleges that Mr. Cooley was negligent in not providing the owner's manual to Mr. Lewing. Mr. Isgitt's argument is akin to the failure to warn arguments that often arise in product liability law. We find, however, that it has no place here. The evidence overwhelmingly suggests that even if Mr. Cooley had personally handed the owner's manual to Mr. Lewing, Mr. Lewing would have disregarded it. Mr. Lewing identified himself as a sophisticated user of tractors, and he owned a similar tractor to the one at issue in this case. Indeed, Mr. Lewing testified that, "There's nothing [Mr. Cooley] could have told me that I didn't already know [about the tractor]." Moreover, Mr. Lewing testified that he knew the safety features of a John Deere tractor, and he knew that the owner's manual

likely stated that an operator should not lift persons in the loader. Despite this knowledge, and without Mr. Cooley's direction, Mr. Lewing used the tractor's loader as a work platform.

In product liability cases where the sufficiency of warning is an issue, the supreme court has held that no duty exists to warn of an inherent danger that should be well-known to a sophisticated user of the product. *Hines v. Remington Arms. Co., Inc.*, 94-455 (La. 12/8/94), 648 So.2d 331. In owners' manual cases, where the manufacturer fails to give an adequate warning, a presumption arises that the user would have read and heeded such warnings. *Gauthier v. McDonough Power Equip., Inc.*, 608 So.2d 1086 (La. App. 3 Cir. 1992). That presumption is rebutted, however, if the manufacturer produces evidence to show that the warning or instruction would have been futile. *Id*. "An essential element of a cause of action based on failure to adequately warn of a product's danger is that there must be a reasonable relationship between the omission of the manufacturer and the injury." *Id.* at 1089. In *Gauthier*, the owner of a riding lawn mower that injured the child operating it, testified that he would not have observed any warning placed on the mower itself or altered his course of action. A panel of this court agreed with the jury's finding that the manufacturer did not breach its duty to warn of the danger of a child's operation of the mower.

We find that *Gauthier* is instructive. It is clear from the testimony that no amount of warning from Mr. Cooley, or anyone else, would have prevented Mr. Lewing from using the tractor as he did. Mr. Cooley was nowhere near the site of the accident when it happened, and we find that he was not negligent in failing to warn Mr. Lewing of the potential danger that ultimately resulted.

6

## *(2) Express or Implied Consent*

As discussed previously, nothing in the record suggests that Mr. Cooley consented to the tractor being used as a work platform with a ladder leaning against the house.  Mr. Cooley was not present at the scene on the day of the accident, and Mr. Isgitt testified that Mr. Cooley was not involved in the decision to put the ladder on the loader platform or to use the tractor as a work platform.  Thus, we find that Mr. Cooley did not negligently give consent to use the tractor in such an unsafe manner.

## IV.

## <u>CONCLUSION</u>

For the reasons articulated above, we affirm the judgment of the trial court.  Costs of this appeal are assessed against Charles Isgitt.

**AFFIRMED.**