# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-1015 consolidated with 13-1016


RONALD BROOKS, ET AL.

VERSUS

DR. JOHN SCOTT SIBILLE, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 092763 C/W 092764
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

**AFFIRMED.**


**Terry L. Rowe**
**Terry L. Rowe & Associates**
**P. O. Box 3323**
**Lafayette, LA 70502**
**Telephone: (337) 232-4744**
**COUNSEL FOR:**
     **Defendants/Appellees - State Farm Fire & Casualty Company, Dr. John Scott Sibille, and Paulette Sibille**

**H. Edward Sherman**
**H. Edward Sherman, APLC**
**819 Nunez Street**
**New Orleans, LA 70114**
**Telephone: (504) 587-7100**
**COUNSEL FOR:**
     **Plaintiffs/Appellants - Ronald Brooks, Jennifer Chavis, Jonas Chavis, Jamesha Wilson, and Jaliyah Wilson**

**THIBODEAUX, Chief Judge.**

Ronald Brooks and Jennifer Chavis, the parents of two minors who drowned in a residential pond, individually brought wrongful death and survival actions against the property owners, John and Paulette Sibille, and their insurer. After the cases were consolidated, the defendants filed a motion for summary judgment, arguing that the plaintiffs failed to establish the element of duty or that the pond constituted an attractive nuisance. Finding no genuine issue of material fact, the trial court granted the defendants' motion for summary judgment. For the following reasons, we affirm the trial court's judgment.

I.

**ISSUE**

We shall consider whether the trial court erred in granting defendants' motion for summary judgment.

II.

**FACTS AND PROCEDURAL HISTORY**

This case arises out of an accident on May 24, 2008, which resulted in the drowning deaths of two twelve-year-old boys, Justin Dean and Jerome Chavis. On the morning of the incident, Jennifer Chavis left her two minor children, Jerome Chavis and Jonas Chavis, in the care of her mother while she attended a funeral. Jennifer instructed her children that they were under the care of their grandmother and were not to go on other people's land without permission.

Later that morning, Jerome and Jonas were given permission to walk to the nearby convenience store. During the trip, they met two minor brothers,

Trevor and Tanner Thompson, as well as Justin Dean. The five boys decided to go meet another friend, twelve-year-old Blake Palmer. On the way, the boys met Blake riding his go-cart. Blake had received permission from his mother, Bridgette Foster, to travel to the property of Dr. John Scott Sibille and Paulette Sibille, to see if their son, Ross Sibille, was available to play. If Ross was not home, Blake was instructed to come back home. After encountering the five boys, Blake invited them to ride in his go-cart around the neighborhood.

After go-carting, the boys entered the Sibilles' property which fronted a local pond. On this particular day, the Sibilles were not home and had no knowledge that Blake or any other person would be on the property. In the process of washing off mud from go-carting, Jerome Chavis and Justin Dean entered the pond and accidentally drowned. There were no signs around the pond warning against swimming or trespassing. In the past, however, Dr. Sibille had warned Blake never to go fishing or swimming in the pond without adult supervision.

Plaintiffs Robert Brooks, the father of Justin Dean, and Jennifer Chavis, the mother of Jerome Chavis, individually filed wrongful death and survival actions against the Sibilles and their insurer, State Farm Fire & Casualty Insurance Company, alleging that the pond constituted an attractive nuisance and the Sibilles were negligent in failing to post visible warning signs regarding the dangerous depth of the pond or notify the parents of Blake Palmer that Blake should not to trespass on their property. After the cases were consolidated, defendants filed a motion for summary judgment, contending that the plaintiffs failed to establish that the Sibilles' owed the minors a duty of care as property owners as the pond did not constitute an attractive nuisance. In opposing the motion, the plaintiffs argued that a jury could reasonably infer from the facts that

the pond constituted an unreasonable risk of harm giving rise to a duty to warn. In support of their opposition, the plaintiffs submitted affidavits from two clinical psychologists who attested that Justin Dean and Jerome Chavis may not have had the requisite level of intelligence and judgment to appreciate the objective risk of the pond. The trial court granted the defendants' motion for summary judgment, reasoning that the pond was an open and obvious danger that did not amount to an attractive nuisance giving rise to a duty to warn.

III.

**LAW AND DISCUSSION**

**Standard of Review**

We review a grant of summary judgment de novo "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. In our review, we shall consider the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-moving party. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. If the mover will not bear the burden of proof at trial on the matter, then he must only present evidence showing a lack of factual support for one or more essential elements to the non-mover's case. La.Code Civ.P. art. 966(C)(2); *Simien v. Med. Protective Co.*, 08-1185 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine

3

issue of material fact. *Id.* If the non-mover fails to present some evidence that he might be able to meet his burden of proof at trial, the motion should be granted. *Id.*

## Defendant's Motion for Summary Judgment

The trial court granted the defendants' motion for summary judgment on the grounds that the plaintiffs failed to establish the essential element of duty to support their negligence claims. The determination of whether a duty exists is a question of law that may be properly decided by summary judgment. *Seaman v. Howard*, 98-1492 (La.App. 3 Cir. 6/2/99), 743 So.2d 694, *writ denied*, 99-1901 (La. 10/29/99), 748 So.2d 1165. In negligence claims against landowners or custodians, the duty of care is "to discover any unreasonably dangerous condition or use of [the controlled] premises and either correct the condition or warn of its existence." *Collins v. Whitaker*, 29,324, p. 3 (La.App. 2 Cir. 4/2/97), 691 So.2d 820, 823. It follows that in order to impose a duty on landowners or custodians, there must be a defect or unreasonable risk of harm on the premises. The second circuit has provided guidance on determining what constitutes an unreasonable risk of harm:

> When determining whether a risk is unreasonable, a court is to balance the likelihood and magnitude of the harm and the utility of the thing, while also taking into account a broad range of social, moral, and economic factors including the cost to the defendant of avoiding the risk and the social utility of the plaintiff's conduct when the accident occurred. Justice and social utility are guideposts, with consideration given to individual and societal rights and obligations.

*Wiley v. Sanders*, 37,077, p. 3 (La.App. 2 Cir. 6/13/03), 850 So.2d 771, 774, *writ denied*, 03-1986 (La. 10/31/03), 857 So.2d 487 (citations omitted).

If no unreasonable risk of harm exists, then the landowner or custodian owes a duty of care of a reasonable man, which amounts to "a duty to act as a reasonable man and to guard against unreasonable risks of injury to guests." *Id.* at 777; *see also St. Hill v. Tabor*, 542 So.2d 499 (La.1989).

The *Wiley* court further held that in a drowning case involving a pond on a property owner's land, the pond did not constitute an unreasonable risk of harm, and thus, the property owner did now owe a duty of care to the drowning victim. The court reasoned that while the pond was murky and did not have any markers or warnings regarding pond depths or any fencing, "[t]he only danger presented by the pond was that it contained water" and "[s]uch a danger would have been open and obvious." *Wiley*, 850 So.2d at 776.

Here, while defendants had garde over the pond, the only potential danger was the presence of murky water giving rise to undefined depths. Following the reasoning of the *Wiley* court, these are open and obvious dangers that do not constitute unreasonable risks of harm. As such, the defendants did not owe a duty to warn against such hazards.

Since the pond did not constitute an unreasonable risk of harm, the question now becomes whether the defendants breached a duty to act reasonably. "The test to determine whether a breach of a landowner's duty has occurred is whether, in the management of his property, he has acted as a reasonable man in view of the probability of injury to others." *Id.* at 777; *see also Shelton v. Aetna Cas. and Sur. Co.*, 334 So.2d 406 (La.1976). Here, there is no evidence to support the claim that the defendants breached a duty to act reasonably. While there is evidence to suggest the drowning victims were below average intelligence to potentially deduce the dangers of the pond, these facts are not material as the

5

defendants were not acquainted with these minors and would not reasonably expect them to trespass and swim in the pond without supervision. The defendants were not home during the incident and had no knowledge that Blake Palmer would visit the property or bring other minors with him. To charge the defendants with the burden of guarding against every potential individual of varying intelligence trespassing and drowning goes beyond reasonable levels of justice and social utility.

The plaintiffs further cannot recover under the theory that the defendants failed to guard against an attractive nuisance in the pond. A body of water does not constitute an attractive nuisance "where the danger is not hidden or concealed and there are no unusual circumstances which render [the body of water] peculiarly attractive to young children." *Slaughter v. Gravity Drainage Dist. No. 4*, 145 So.2d 50, 55 (La.App. 3 Cir. 1962). Without such unusual circumstances, a landowner has no duty to protect against the danger and "has the right to presume that for every child under the age of discretion, there is someone of mature judgment on whom rests the special duty and responsibility for the safety of the child." *Id.* As discussed above, the plaintiffs have presented no evidence indicating that the pond possessed any unusual condition rendering it *peculiarly* attractive to children. As such, the pond did not constitute an attractive nuisance.

Finally, plaintiffs assert that the defendants breached a duty to notify the mother of Blake Palmer that Blake repeatedly trespassed on their property. We are unable to identify any codal, statutory, or jurisprudential authority to support such a duty or burden.

Given the evidence presented, the plaintiffs have failed to show that there is a genuine issue of material fact upon which they could conceivably succeed at trial. As such, we affirm the trial court's granting of defendants' motion for summary judgment.

IV.

## <u>CONCLUSION</u>

For the foregoing reasons, we affirm the trial court's granting of the defendants' motion for summary judgment. Costs of the appeal are assessed to the appellants, Robert Brooks and Jennifer Chavis.

**AFFIRMED.**